## Ozark v. Ozark Water Company.

4-3883

Opinion delivered April 29, 1935.

*Mark Woolsey,* for appellant.

*Brundidge & Neelly* and *Arnett & Shaw,* for appellee.

McHANEY, J. In January, 1930, the town council of appellant passed an ordinance granting to W. H. Henby, his heirs and assigns, for a period of fifty years, the exclusive right to construct and operate a waterworks system in the town of Ozark. Section 3 of the ordinance reads as follows:

"The grantee, his heirs and assigns, shall have the right to charge the sum of $40 per year per hydrant for all fire hydrants installed; and it is hereby agreed that 30 hydrants shall be installed by the company at the time the distribution system is laid, at locations on and along cast iron mains approved by the proper town officers designated by the town council."

Some time thereafter in 1930, the said Henby transferred and assigned all his rights under said ordinance to the appellee, and the appellee constructed, and now maintains and operates a waterworks system in said town. Under the terms of the ordinance, the appellee installed 30 fire hydrants and has furnished water to said hydrants for the use of appellant, who became delinquent in paying the hydrant rentals in the sum of $1,100 for the year 1933, and $1,200 for year of 1934. Appellees instituted this action against appellant to recover said sums, for the total of which it prayed judgment. They further alleged that the revenues of appellant are $3,500 annually, and that, unless restrained, it would expend all its revenues for purposes other than paying the debt due appellees. It therefore prayed for a restraining order enjoining appellant, its officers, agents and employees from paying out the revenues except upon this indebtedness. This action was instituted in 1934. Appellant defended the action on the grounds that said ordinance is void as to the third paragraph above quoted, for the reason that it attempts to impose upon the appellant a contractual obligation in excess of the revenues of the town of Ozark for the year in which said ordinance was passed; that the revenues of the town for the fiscal year of 1933 had already been expended for expenses incurred for that year, and that no part of said revenue was available to pay any debts or obligations of appellant; that the rentals for 1934 are not yet due, and that their payment would exceed the revenues of the town for the fiscal year 1934.

On a trial of the case, the court found that appellee was entitled to a judgment only for the rental due for the fiscal year 1934, and further that the treasurer of appellant had in his hands $250 at that time, and enjoined it and its officers from paying out said sum except upon appellee's claim. Said sum was duly paid to appellee, leaving a judgment against appellant in the sum of $700 for the balance due on rentals for the year of 1934.

Appellant's first contention for a reversal of the judgment against it is that the contract sued upon is

void, because in violation of Amendment No. 10 to the Constitution, in that § 3 of said ordinance binds it to pay appellee $40 per hydrant for 30 hydrants for fifty years, or a total present obligation of $60,000, which is largely in excess of the revenue for the year in which the contract was made. As we view § 3 of the ordinance, no such obligation is placed upon appellant. Section 3 provides that appellee shall have the right to charge $40 per year for all fire hydrants installed, and it was further provided that appellee should install 30 hydrants at that time. But, as we view the provision, it did not create an obligation upon appellant to use 30 hydrants for fifty years, or for any period of time longer than one year. Appellee frankly concedes that such is the nature of the obligation. Under this provision appellant could not be compelled to accept the use of 30 hydrants, or any number of hydrants. In other words, the section is an agreement to pay an annual rental for service to be furnished by the appellee at the option of appellant. It is therefore obligated to pay said annual rental when and if the water and hydrant service is furnished by the appellee and used by appellant. Appellant has treated the subject on the theory that it is bound to pay hydrant rental at $1,200 per year for fifty years, and has cited cases to support its contention that this creates a present liability of $60,000, which is in excess of the revenue for the year in which incurred, and therefore void under Amendment No. 10. But since, as we have said, appellant is not so bound by the terms of the ordinance, it becomes unnecessary to review the many cases cited on the subject. Among the cases cited is that of *Luter* v. *Pulaski County Hospital Ass'n*, 182 Ark. 1099, 34 S. W. (2d) 770, where we held that a county could not build a hospital, and pay for it on the installment plan when the total installments exceed the revenues of the county for the fiscal year in which the contract was made. In that case, however, it was proposed to bind the county to the payment of a definite sum of money, payable in installments, of course, over a period of years." Here, as we have seen, the town of Ozark is only bound to pay rentals for such hydrants during any year as it elects to use same.

Appellant's second contention is that, even though the contract be valid, the judgment of the court must be reversed, because in excess of the revenues for the year 1934. In order to determine this question, it becomes necessary to determine the revenues and expenditures of the town for that year. We find from the testimony that the total revenue for the year 1934 is $3,476.96. Included in this amount is the tax collected on automobiles for street purposes in the sum of $341.50. Deducting this amount from the total collections leaves a balance of $3,135.43 for the general revenue fund. The total expenditures for the year, not including the amount spent on streets, which would properly come out of. the street fund, is the sum of $2,367.08 which amount includes $250 paid to appellee under the decree of the court. Deducting this amount from the net sum in the general revenue fund as shown above leaves a balance of $768.35, which is in excess of the amount of the judgment rendered by the court for the balance due appellee for hydrant rentals for 1934. Thus it will be seen that the expenditures are not in excess of the revenue for 1934, and the contract with appellee to this extent is valid. The fact that the town had no cash on hand with which to pay this judg-ment at the time rendered does not affect the validity of the contract, because there is some evidence that the town in 1934 paid expenses and indebtedness arising in 1933, and there is evidence that the town also used some of the general revenue fund for street and bridge purposes which is not properly chargeable to the general revenue fund. We have held in many cases that Amendment No. 10 prohibits only the contracting of indebtedness in any fiscal year in excess of the revenue for that year, and that where the funds accruing to the town, city or county are depleted by reason of payment of debts brought over from former years, the debts contracted during such fiscal year are not invalid, unless in excess of the revenue for that year, and may be paid out of revenue of succeeding years. *Polk County* v. *Mena Star Co.*, 175 Ark. 76, 298 S. W. 1002, and cases there cited.

No error appearing, the decree is affirmed.

MEHAFFY, J., dissents.