## Marvin CARTER et al *v.*
## CITY OF SHERWOOD et al

77-387                                           566 S.W. 2d 746

### Opinion delivered June 12, 1978
### (In Banc)

*James F. Lane,* of *Laster & Lane,* for appellants.

*Purtle, Osterloh & Weber,* by: *John I. Purtle,* for appellees.

GEORGE ROSE SMITH, Justice. At an annexation election held on August 3, 1976, the voters approved the annexation of certain territory to the City of Sherwood. The appellants then filed this proceeding in the circuit court to contest the election on several grounds. The circuit court upheld the annexation. Since we find that the contestants' position must be sustained on one particular ground, we discuss only that one issue.

The statute requires that the ordinance calling the election "include a schedule of the services of the annexing city that will be extended to the area within three years after the date the annexation becomes final." Ark. Stat. Ann. § 19-307.2 (Supp. 1977). Here the annexation ordinance provided that the City of Sherwood committed itself to the extension into the area to be annexed "of public services now available to the residents of Sherwood . . . and such services shall include all city services."

The appellees, in defending the sufficiency of the ordinance, say: "To enumerate all the services provided by the City would have unduly lengthened the Ordinance and would have told the electors no more than they were told in the Ordinance as written." We cannot agree with that position.

To begin with, the basic meaning of a schedule is a list. One purpose of the statutory requirement of a schedule is certainly to assist the voters by furnishing them with detailed information about the annexation proposal. We cannot overlook the importance of public enlightenment about the issues to be voted upon in an election. The ordinance in question, however, supplied the voters with no information. At best, it merely invited them to make their own individual investigations to find out what services were available to the city's inhabitants. Even then, in the case of a large city (to which our decision would also apply as a precedent) areas of doubt and questions of fact might still exist in the minds of the voters. Some city services, including such matters as the furnishing of water, curbing and guttering, and sewage facilities, are sometimes furnished by improvement districts rather than by the city itself. It would be difficult for the voters to obtain accurate information of that kind.

Furthermore, an ordinance specifying at least the principal services to be supplied by the city would clarify the issues that might be raised in a contest of the annexation proceeding. Both the proponents and the opponents of the proposal would have the advantage of knowing with reasonable certainty what services the city was undertaking to supply to its new residents. By contrast, a mere reference to "all city services" now being furnished would be of little assistance to either side in pinpointing the possible issues in a contest of the annexation. We think it plain that the legislature, in requiring the ordinance to include "a schedule" of services to be provided, intended to supply the electorate with information more specific than a nebulous reference to "all services" now being furnished to municipal residents.

Reversed.

BYRD, J., dissents.