CITY OF LITTLE ROCK *v.* CHARTWELL VALLEY LIMITED PARTNERSHIP, by its General Partner Rodney D. Myers Corp., Thorp Thomas, and Al Stanford

89-7                                                          772 S.W.2d 616

Supreme Court of Arkansas
Opinion delivered July 17, 1989

*Mark Stodola,* Little Rock City Att'y, by: *Thomas M. Carpenter,* Asst. City Att'y, for appellant.

*Morgan E. Welch,* for appellee.

TOM GLAZE, Justice. Appellees (Chartwell) planned a residential development on 2,500 acres located in Saline County adjacent to the Pulaski County line. Chartwell petitioned the Little Rock Water Works Commission (Water Commission) and

Little Rock Sanitary Committee (Sewer Committee) for their extraterritorial extension of water and sewer services, but was informed it would need approval from the Little Rock Board of Directors (Board). The Board, pursuant to policy, resolutions and ordinances, denied Chartwell's requests, and Chartwell filed this suit, seeking a declaration that the Water Commission and Sewer Committee were autonomous and had the sole power to extend services and that the Board's actions conflicted with state law.[1] The trial court entered a summary judgment agreeing with Chartwell's contentions. We reverse and hold, as a matter of law, that the City Board, not the Water Commission and Sewer Committee, has the jurisdiction and authority to extend utility services to developments outside the municipal boundaries.

The broad issue to be decided is whether the Board or its utility commission and committee has the power to extend municipal sewer and water services to areas outside city limits. Answering this issue requires a brief discussion of our state laws and case precedents that have developed over the past nearly sixty years.

Under § 2 of Act 132 of 1933 [now Ark. Code Ann. § 14-235-206 (1987)], municipal counsels were empowered to establish a sewer committee to supervise a sewage disposal system, and the committee was to function under the control of the council as provided by ordinance or resolution. In 1933, the General Assembly also enacted Act 131 [now Ark. Code Ann. § 14-234-201 to -218 (1987)], which gave municipalities the authority to purchase and construct waterworks systems, and in 1937, it passed Act 215 [now Ark. Code Ann. § 14-234-301 to -309 (1987)], which provided that first or second class cities could create a commission for the purpose of operating and managing their waterworks system. Section 5 of Act 215 authorized such water commissions to manage, operate, improve, *extend*, and maintain municipal waterworks and distribution systems, and gave such commissions unlimited authority to perform these functions. At this point in legislative history, the sewer and water

---

[1] Chartwell originally filed suit against the Board, Water Commission and Sewer Committee, but it nonsuited the Commission and Committee before the court granted summary judgment.

committees or commissions had authority to manage and supervise their respective systems, but substantial doubt existed concerning their authority to extend services beyond municipal boundaries.

In the 1940's, this court held that the extension of water and sewer systems beyond a city's limits was an *ultra vires* activity and thus prohibited. *See, e.g., Yancey* v. *City of Searcy,* 213 Ark. 673, 212 S.W.2d 546 (1948); *Mathers* v. *Moss,* 202 Ark. 554, 151 S.W.2d 660 (1941).[2] After these decisions, the General Assembly, under Act 321 of 1955 [Ark. Code Ann. § 14-234-101 to -110 (1987)], provided that a municipality owning a waterworks system shall have the option of extending its services to any consumer outside its boundaries, but it shall not be obligated to do so. *See* particularly Act 321 of 1955, § 7 (§ 14-234-110(a) and (b)). Section 7, codified as 14-234-110(b)(3), specifically empowered the "legislative body" of the municipality to determine the rates charged nonresident consumers. Act 131 of 1933, the legislation noted earlier and which authorized municipalities to purchase or construct a waterworks system, defined "legislative body" to mean the mayor and council of any city or town. *See* Act 131 of 1933, § 2. In 1959, the General Assembly again addressed this issue of providing services to adjoining areas by enacting Act 288 [Ark. Code Ann. § 14-234-111 (1987)], and the pertinent provisions of that Act provide as follows:

SECTION 1. *Any municipality* in the State of Arkansas owning and *operating a municipal waterworks system or a* municipal *sewer system or both may extend its service lines beyond its corporate limits* for the purpose of giving water service, sewer service, or both, *to adjacent areas where the demand for services is sufficient to produce revenues that will retire the cost of such service lines.* (Emphasis added.)

---

[2] The appellees cite *McGehee* v. *Williams,* 191 Ark. 643, 87 S.W.2d 46 (1935), to argue that cities were allowed to supply water and sewer services outside their borders. However, *McGehee* is factually distinguishable in that the city owned a surplus water supply located outside the city's limits, which this court specifically allowed in *Mathers.*

* * *

SECTION 3. Any municipality extending a service to an adjacent or nearby area shall have the power to fix the schedule of rates for services so extended.

SECTION 4. Nothing in this Act shall be construed to require a municipality to extend either water or sewer service to adjacent or nearby areas.

* * *

From a review of the foregoing, we believe it is beyond question that the General Assembly fully intended to empower municipalities with the authority to extend water and sewer services beyond their boundaries, but no one, including its water commission or sewer committee, can obligate a municipality to extend those services. Although Chartwell argues that such commissions and committees are autonomous, the General Assembly specifically grants, without mentioning such commissions or committees, the authority to *municipalities* to extend water and sewer services outside city boundaries and it further has provided that the rates charged for these services must be established by the municipality. In the case of water commissions, that municipal body is particularly defined as being its legislative body. Also, in reading the legislative laws pertaining to sewer committees, Act 132 delimits the authority given sewer committees to functions municipal councils provide them under ordinance or resolution.

Here, the Board, by prior ordinances, permitted its water commission and sewer committee to extend services outside the corporate limits of the city, and apparently some extraterritorial extensions of services had been granted by the commission and the committee to approximately 5,000 customers. Of course, as we held in *City of Ward* v. *Ward Water & Sewer System*, 280 Ark. 177, 655 S.W.2d 454 (1983), whatever a municipal government may do by majority vote, it may undo by majority vote, absent constitutional or statutory restrictions. In the instant case, we find no statutory restrictions to the Board changing its prior ordinances. Nor did Chartwell argue and obtain a ruling as to any constitutional issues that the Board unlawfully restricted the

power originally given to the sewer committee and water commission by requiring Board approval before any services could be extended beyond municipal boundaries.[3]

■ Finally, Chartwell notes that the Board's policy and resolution requires that Chartwell's property must meet city zoning requirements and be annexed before water and sewer services can be extended. Under the circumstances in this case, Chartwell argues the annexation requirement conflicts with state law. Chartwell cites Ark. Code Ann. § 14-43-601(a)(1)(N) (1987), which delineates a municipality's general power regarding the annexation of territory. It contends that, while a city generally has broad power in this respect, the Board here has precluded any possibility of Chartwell's property being annexed since its property is contiguous to the adjoining county of Pulaski. Chartwell argues that an annexation in these circumstances is controlled by Ark. Code Ann. §§ 14-40-401 to -408 (1987). This being true, Chartwell submits that § 14-40-404 requires that all of the proposed annexed lands be in the school district of the annexing municipality and they must have been within that school district since June 30, 1967 — a condition that Chartwell and its property cannot meet. First, we are uncertain if § 14-40-404 restricts the Board's power to annex Chartwell's property, but even if that law applied, we believe Chartwell's concern has no merit since, as is clearly provided under Act 321 of 1955, a municipality is not required to extend its services beyond its boundaries. The record reveals nothing that indicates the Board desired, under any circumstances, to extend utility services to the Chartwell development and certainly, no nonresident has an absolute right to have those services extended.

In accordance with the foregoing views, we reverse the trial court's decision.

PURTLE, J., not participating.

---

[3] Chartwell, in its complaint, did allege generally that the Board's acts denied Chartwell equal protection, but we find nowhere else in the record where this constitutional issue was presented to the trial court for ruling.