Ray PENNINGTON, Roger Brockington, Anthony J. Stankavich, Melba Guess, and Charles Greenfield *v.* CITY OF SHERWOOD

90-249                                      802 S.W.2d 456

Supreme Court of Arkansas
Opinion delivered January 28, 1991
[Supplemental Opinion on Denial of Rehearing March 4, 1991.*]

*Gregory Ferguson*, for appellant.

*Bob Dawson*, City Attorney, for appellee.

ROBERT H. DUDLEY, Justice. The City Council of Sherwood adopted an ordinance that called for a special election to decide whether an unincorporated area should be annexed into the City. Subsequently, a majority of the voters approved the annexation.

---

*Corbin and Brown, JJ., would grant rehearing.

Appellants filed suit challenging the validity of the election. Their primary argument was that the ordinance's legal description of the land to be annexed and the plat attached to the ordinance failed to "contain an accurate description of the lands to be annexed" as required by Ark. Code Ann. § 14-40-303(a)(1) (1987). The trial court refused "to apply a hypertechnical concept of 'accuracy' in determining whether a legal description comports with the requirements of Ark. Code Ann. § 14-40-303(a)(1) (1987)," and upheld the annexation. On appeal the appellants' primary arguments are that the ordinance's legal description of the area to be annexed is inaccurate and that the plat attached to the ordinance reflects boundaries that are different from those contained in the ordinance's legal description.

■ Unfortunately, we cannot consider appellants' argument since their abstract does not provide us with either the legal description contained in the ordinance or a copy of the plat. We will not go to the transcript for those items. For over a hundred years we have repeatedly pointed out that there is only one transcript and there are seven judges. It is impractical for all members of the court to examine the one transcript, and we will not do so. *Zini* v. *Perciful*, 289 Ark. 343, 711 S.W.2d 477 (1986). Accordingly, we are unable to reach the merits of two of the points of appeal and affirm those points under Rule 9(d) of the Rules of the Supreme Court and Court of Appeals.

■ We do, however, reach one point of appeal. In it, the appellants contend that under the case of *Carter* v. *City of Sherwood*, 263 Ark. 616, 566 S.W.2d 746 (1978), the schedule of proposed services for the annexed area is inadequate. There is no merit in the argument. In *Carter*, there was no list or schedule of proposed services. No information was provided to the voters. They would have to make their own investigation to find what services might be provided. Here, there was a schedule or list of the services to be provided.

Affirmed.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
MARCH 4, 1991

Petition for Rehearing; denied.

*Gregory Ferguson*, for appellant.

*Bob Dawson*, City Att'y, for appellee.

Per Curiam. The petition for rehearing is denied.

Brown, J., dissents.

Robert L. Brown, Justice, dissenting. I respectfully dissent from the majority's decision. Our rules clearly state that if our action under Rule 9 is unduly harsh, we may allow the appellant to reprint his brief at his own expense to conform to Rule 9(d), and we may further assess the expense for any revision of appellee's brief against appellant. Ark. Sup. Ct. R. 9(e)(2). The result in this case is unduly harsh, and the appellant should be allowed to refile his brief as provided under Rule 9(e)(2). I would grant the petition in accordance with this.

Corbin, J., joins.