STATE of Arkansas *v.* Gary RIGGS

CR 90-281                                          807 S.W.2d 32

Supreme Court of Arkansas
Opinion delivered April 15, 1991

---

[1] Other than prejudgment interest, no issue was raised concerning the proper measure of damages.

*Mary B. Stallcup*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellant.

*David M. Clark*, for appellee.

STEELE HAYS, Justice. Arkansas Code Ann. § 5-37-525 (Supp. 1989) makes it a crime for a contractor or subcontractor to knowingly refuse to pay for materials. The trial court held the statute unconstitutional and the state appeals. We affirm.

Appellee, Gary Riggs, was arrested on two misdemeanor counts of defrauding a materialman under § 5-37-525 for failing to pay for materials totalling $3,729.77. Riggs was convicted in municipal court on both counts. Riggs appealed to the Independence County Circuit Court and moved to dismiss the charges on the ground that § 5-37-525 violated art. 2, § 16 of the Arkansas Constitution, prohibiting imprisonment for debt, which reads:

> No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud.

The trial court sustained Riggs' argument and dismissed the charges. The state appeals, contending the trial court erred in holding § 5-37-525 unconstitutional. The statute reads in part:

> § 5-37-525 Defrauding a materialman.
>
> (a)     A person commits the offense of defrauding a materialman if being the principal contractor or subcontractor, he knowingly or willfully fails to pay any supplier or subcontractor for materials or goods furnished to the project within thirty days of final receipt of payment under the contract.

* * *

(d)     It shall be an affirmative defense to prosecution under this section that the contractor or subcontractor has given notice of a dispute in the terms, conditions, payment, or quality of goods to the contracting consumer or to the supplier or subcontractor, or the contractor has in good faith sought relief in federal court under the bankruptcy laws of the United States, prior to the expiration of the thirty days after receipt of payment under the contract.

■ In *Peairs v. State*, 227 Ark. 230, 297 S.W.2d 775 (1957), we held an earlier statute unconstitutional as violating the imprisonment-for-debt clause. The disputed statute read:

Any original or principal contractor or his assignee who shall be paid the contract price or any portion thereof, and who shall fail or refuse to discharge the liens created by this section, to the extent of the contract price received by him, shall be deemed guilty of an offense and punishable as follows.

We held that the absence of language which "makes fraud or fraudulent intent a part or prerequisite of the criminal offense" rendered the statute unconstitutional.

The state does not argue with the result in the *Peairs* opinion but urges that the requirement under the present statute, providing that the contractor or subcontractor "knowingly or willfully fails to pay," sufficiently distinguishes it from the statute in *Peairs* so that it withstands constitutional challenge. The state claims its position is supported by other statutes with similar constitutional provisions and statutes.

The state cites *People v. Howard*, 75 Cal. Rptr. 761, 451 P.2d 401 (1969), in which the court considered a similar statute which was not dependent on "fraud," requiring only a willful refusal to pay. The court examined the statute in light of the state's constitutional prohibition against imprisonment for debt, which, like ours, makes an exception only for cases of fraud. Noting the historical purpose of the constitutional prohibition, the court interpreted the term fraud broadly so as to also include the act prohibited in the statute—"willfully failed to pay," even though it was not fraud in the conventional sense.

Nevertheless, we note that other states take a stricter view of

the same constitutional provision and hold that the fraud exception in the imprisonment-for-debt clauses does not extend to fraud in its broader concepts. *See* e.g., *People* v. *Piskula*, 595 P.2d 219 (Colo. 1979); and *see also People* v. *Collie*, 682 P.2d 1208 (Colo. 1983), and Annotation, *Failure to Pay Labor, Materialmen as Crime*, 78 A.L.R. Fed. 563 (1977).

■ The state has also relied on standard rules of construction to support its case, i.e., a statute is presumed constitutional and all doubt as to constitutionality is resolved in favor of constitutionality. *Duhon* v. *State*, 299 Ark. 503, 774 S.W.2d 834 (1989). However, while these rules generally govern constitutional challenges, that is not so when the safeguards of personal liberties are at issue. As in the case of all constitutional provisions designed to protect the liberties of the individual, every doubt must be resolved in favor of the citizen in the enforcement of the constitutional provision that no person shall be imprisoned for debt. 16A Am. Jur. 2d *Constitutional Law* § 619 (1979), citing to *Bradley* v. *Superior Court of San Francisco*, 48 Cal.2d 509, 310 P.2d 634 (1957); *People* v. *La Mothe*, 331 Ill. 351, 163 N.E. 6 (1928); and *see also*, 16 Am. Jur. 2d *Constitutional Law* § 97 (1979).

The state has not pointed to any authority that counters the above requirement for doubt to be resolved in the favor of the citizen when this personal liberty is in question. Nor have we found any. As the doubt in this case must favor the individual, we affirm the trial court.