The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, AR 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion on the following question:
 Can a municipality continue to collect a tax from a resident even when the service for which that tax was passed is not being offered or made available to the resident?
You state that a municipally owned cable television system was established several years ago in Paragould, and that a tax was authorized by special election to support a bond issue, with the tax suspended unless project revenues were insufficient for bond payments. Apparently, project revenues are in fact insufficient and the tax is being levied. You state, however, that the cable has not been made available to newly annexed areas and that a resident of the annexed area does not feel he should have to pay the tax because the service is not available to him.
It is my opinion that the answer to your question, under this set of facts, is in all likelihood "yes." The cable services in question were, I assume, included in the schedule of services contained in the annexation ordinance, as required by A.C.A. § 14-40-303 (Cum. Supp. 1993). See alsogenerally Carter v. City of Sherwood, 263 Ark. 616, 566 S.W.2d 746 (1978) and Pennington v. City of Sherwood, 304 Ark. 362, 802 S.W.2d 456 (1991) (regarding the requirement of a list or schedule of services). Subsection (a)(2) of § 14-40-303 states that the annexation ordinance shall:
 Include a schedule of the services of the annexing municipality that will be extended to the area within three (3) years after the date the annexation becomes final[.]
I assume, from your statement that this is a "newly annexed" area, that annexation occurred less than three years ago. While it seems clear that the services must be provided within the requisite three-year period, it seems equally clear that municipal taxes are to be levied and collected in the annexed area following annexation. See generally Jackson v. Cityof Little Rock, 274 Ark. 51, 621 S.W.2d 852 (1981) (upholding the city's collection of franchise taxes during the pendency of an appeal which resulted in the annexation being declared void.) The fact that the cable service is not yet available is not determinative, in my opinion, since the statute appears to envision services being extended "within three (3) years after the date the annexation becomes final[.]" A.C.A. §14-40-303(a)(2) (Cum. Supp. 1993).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh