The Honorable Doug Wood State Representative P.O. Box 7078 Sherwood, Arkansas 72116
Dear Representative Wood:
This is in response to your request for an opinion on behalf of some local property owner on two questions concerning the provision of services to territory recently annexed to the City of Sherwood. Your first question is whether a city of the first class has a duty to provide water, sewer, fire and police protection to property owners annexed within their boundaries if such services are likewise provided to other citizens. Your second question relates to the fact that these property owners are currently members of a nonprofit water association and are currently being assessed on their water bill to pay for the water improvements of the system. You ask whether, if they desire to change to the "North Little Rock Water System" as residents of the City of Sherwood, there is a mechanism for them to do so. You also ask whether the City of Sherwood could contract on their behalf with the nonprofit water association to continue the monthly assessment and remit the sums due to the association in return for their release to become a part of the City system.
It is my opinion that the answer to your first question depends upon the schedule of services listed in the annexation ordinance. Section14-40-303(a)(2) of the Arkansas Code requires a schedule of services to be included in the annexation ordinance which the annexing municipality will provide to the annexed area within three years after the annexation becomes final. See Carter v. City of Sherwood, 263 Ark. 616,566 S.W.2d 746 (1978). Thus, if water, sewer, fire and police protection were listed in the schedule of services in the ordinance, the City of Sherwood must supply them within three years of annexation.
Your second question is not so easily answered. I must note initially that this question may involve too many fact issues to be resolved in an Attorney General's opinion. The first part of your question, regarding whether there is a mechanism for property owners to "transfer" from the private water association to the "North Little Rock Water System" may depend upon the articles of incorporation and by-laws of the private water association, of which the property owners are members. Their right to cancel membership in the association will be governed by these private guidelines. The property owners ability to initiate service with the "North Little Rock Water System" will of course, depend upon the availability of services by that system to the annexed area and the City of North Little Rock's willingness to supply them. I do not have sufficient facts concerning that system to make any conclusions in this regard.
Resolution of the second part of your question, inquiring whether the City of Sherwood can contract on the property owners behalf with the nonprofit water association, may also require more facts. If the water association wishes to contract with the city, the procedure for doing so will depend upon its articles of incorporation and bylaws. I have found no specific statutory authority[1] for the City of Sherwood to contract in the manner you describe, although cities of the first class do have the authority to purchase a waterworks system such as one operated by a nonprofit water association. See A.C.A. § 14-234-203(a) and McGehee v.Williams, 191 Ark. 643, 87 S.W.2d 46 (1935). Of course, all of the relevant facts would have to be considered, including any debt of the association which would have to be satisfied under a contract or purchase. Additionally, it is unclear to me from your question whether the City of Sherwood operates it own water system or whether it has some contractual arrangement with the City of North Little Rock to supply water to its residents, as indicated by your reference to the North Little Rock system providing water to citizens of the annexed area.
I thus do not have sufficient facts to answer your question, but hope the foregoing discussion is helpful in addressing the situation.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Municipalities have general authority to enter into contracts, however. See A.C.A. § 14-54-101 (1987) and Harrison v. Boone County,238 Ark. 113, 378 S.W.2d 665 (1964).