The Honorable Billy Joe Purdom State Representative Route 1, Box 135B Yellville, AR 72687-9728
Dear Representative Purdom:
This is in response to your request for an opinion on the following questions concerning a city's responsibilities in connection with water and sewer services:
 1. How long does a city have to extend water, sewer, streets, etc., into a newly annexed area?
 2. Is a city required to extend water and sewer service to property line when a developer is required to furnish the same services within a newly developed subdivision?
 3. Is a city required to provide the same services to all city dwellers, such as water and sewer, even if part of a city has these services and the water department claims it cannot provide them due to lack of funds?
The answer to your first question may depend upon the schedule of services included in the annexation ordinance. See A.C.A. §14-40-303 (Supp. 1995). Subsection (a)(2) of § 14-40-303
provides:
 The annexation ordinance shall . . . [i]nclude a schedule of the services of the annexing municipality that will be extended to the area within three (3) years after the date the annexation becomes final[.] [Emphasis added.]
Thus, assuming the applicability of this Code provision,[1]
any services listed in the required schedule of services must, in accordance with subsection (a)(2) above, be provided within three years after the annexation becomes final. See alsogenerally Carter v. City of Sherwood, 263 Ark. 616,566 S.W.2d 746 (1978).
In response to your second question, it must be initially noted that all of the particular facts would have to be considered in assessing the city's obligation or responsibility, if any, in this regard. It is clear, for instance, that a property owner can be ordered to connect to a sewer line where the distance from the property to the place where a connection can be made does not exceed three hundred feet. See A.C.A. § 14-235-304 (1987). Seealso A.C.A. § 14-235-305 (regarding city's regulation of the tapping of sewers by private parties). Clearly, therefore, a city is not required to extend sewer service to within three hundred feet (300') of the property line. Rather, it is the property owner's responsibility to make such connection.
I am somewhat uncertain, moreover, concerning your reference to the developer of a subdivision. Water and sewer commissions and committees of course have broad authority to manage, operate, improve, extend, and maintain their respective systems. See
A.C.A. §§ 14-234-101 et seq. (waterworks and water supply) and14-235-101 et seq. (municipal sewage systems). See also City ofLittle Rock v. Chartwell Valley Ltd. Partnership, 299 Ark. 542,722 S.W.2d 616 (1989). My research has yielded no state law provision specifying any particular water or sewer service requirements in relation to newly developed subdivisions. It thus appears that the specific factual context for your second question would have to be considered before undertaking any meaningful analysis of the precise underlying issue. This may also require reference to any relevant local ordinances. The general nature of this question thus prevents further analysis.
Again, with regard to your third question, the particular factual context is critical to the analysis. Specifically, the exact basis for the water department's claim that it is unable to provide the services, and all of the surrounding circumstances, must be considered. It is accurate to state, as a general matter, that the city cannot discriminate in rates or services to its inhabitants. See City of Malvern v. Young, 205 Ark. 886,171 S.W.2d 470 (1943), citing Law of Public Utilities, 4th ed., Vol. 1, § 280. A review of City of Malvern, supra, however, reveals that varying treatment may be permissible, depending upon the particular circumstances. The court therein noted that:
 [w]e are not holding that the City of Malvern could not pass an ordinance reasonably classifying customers as to distance, location, expense of delivery, etc.
205 Ark. at 894.
The reasonableness of the city's actions must therefore be determined based upon the particular facts and circumstances. You may wish, in this regard, to reference a lawsuit which according to my understanding is currently pending in the United States District Court involving the annexation of certain territory into the City of Sherwood, Arkansas. The case apparently includes a discrimination claim based upon the failure to provide city services to the annexed area. Resolution of that case could provide some insight in resolving the particular issues about which you have inquired.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Depending upon the particular facts, reference should perhaps also be made to A.C.A. §§ 14-40-501(a)(2) (1987) and -503(a)(2), regarding annexation of surrounded land and requiring that "the city shall proceed to render services to the annexed area" after a "prima facie case for annexation [is] established."See also A.C.A. §§ 14-40-601 through -606 (1987) (regarding annexation initiated by petition of property owners).