The Honorable Chaney Taylor, Jr. State Representative P.O. Box 2721 Batesville, AR 72503-3721
Dear Representative Taylor:
I am writing in response to your request for my opinion on the following question:
 What authority does the city council have in regulating the approval or disapproval of the water and sewer commission providing services outside the city limits?
You report that this question has been posed by the city attorney of Batesville, who seeks guidance regarding the legality of two proposed city ordinances that you have attached to your request. The first dictates that any decision to extend water services to users outside the Batesville city limits first be approved by the Batesville Utilities Commission (the "Commission") and then be referred to the Batesville city council for approval by a majority vote. The second dictates that the same procedure be observed in approving any decision to extend sewer services outside city limits. Finally, you have attached correspondence from legal counsel for the Arkansas Municipal League opining that affording the city council, as opposed to the Commission, the final authority to approve or disapprove extending water and sewer services outside city limits might conflict with the provisions of A.C.A. §§14-234-306 and 14-235-207.
RESPONSE
In my opinion, the city council has absolute authority to approve or to disapprove the Commission's decision regarding the extension of water and sewer services outside city limits.
Section 14-234-306 of the Arkansas Code, captioned "Authority of commissioners to operate and manage," affords a municipal waterworks commission the following powers:
 (a) The commissioners appointed under this subchapter shall have full and complete authority to manage, operate, improve, extend, and maintain the municipal waterworks and distribution system, and shall have full and complete charge of the plant, including the right to employ or remove any and all assistants and employees of whatsoever nature, kind, or character and to fix, regulate, and pay their salaries.
 (b) It is the intention of this subchapter to vest in the commissioners unlimited authority to operate, manage, maintain, improve, and extend the municipally owned waterworks and distribution system and to have full and complete charge thereof.
 (c) The commissioners shall not have authority or power to sell, mortgage, or encumber the waterworks and distribution system, unless it is done in accordance with the provisions of subchapter 2 of this chapter or when authorized by the mandate of an election called for that purpose.
(Emphasis added.) Section 14-235-207, captioned "Powers and duties of sewer committee," further provides in pertinent part:
 (b) After the construction, installation, and completion of the works or the acquisition of them, the committee shall:
 (1) Operate, manage, and control them and may order and complete any extensions, betterments, and improvements of and to the works that it may deem expedient if funds for them are available, or are made available, as provided in this subchapter;
 (2) Establish rules and regulations for the use and operation of the works and of other sewers and drains connected with them so far as they may affect the operation of the works; and
 (3) Do all things necessary or expedient for the successful operation of the works.
(Emphasis added.)
Subject to available funding (an admittedly significant condition), these statutes clearly appear to authorize a water commission and a sewer committee — entities I presume are consolidated in this case in the Commission — to order extensions of services outside city limits. However, in City of Little Rock v. Chartwell Valley Limited Partnership,299 Ark. 542, 772 S.W.2d 61 (1980), the Arkansas Supreme Court was faced with precisely the question you have posed and concluded that the statutes just recited could no longer be read as divesting a city council of ultimate authority to decide whether to extend water and sewer services.
The challenge in Chartwell arose when the Little Rock Water Works Commission and the Little Rock Sanitary Committee advised a Saline County residential development that the Little Rock Board of Directors would have to approve the development's request for an extraterritorial extension of water and sewer services. Id. at 543. The Board denied Chartwell's request and Chartwell sued, contending that the Board lacked jurisdiction to make this decision. The trial court agreed and granted summary judgment in Chartwell's favor. Id. On appeal, the Supreme Court summarized the pertinent question as follows:
 The broad issue to be decided is whether the Board [the Little Rock Board of Directors] or its utility commission and committee has the power to extend municipal sewer and water services to areas outside city limits.
Id.
After noting that the above-recited legislation had been enacted by Act 217 of 1937 and Act 132 of 1933, respectively, the court provided the following history of subsequent legislation:
 In the 1940's, this court held that the extension of water and sewer systems beyond a city's limits was an ultra vires activity and thus prohibited. See, e.g., Yancey v. City of Searcy, 213 Ark. 673, 212 S.W.2d 546 (1948); Mathers v. Moss, 202 Ark. 554, 151 S.W.2d 660
(1941). After these decisions, the General Assembly, under Act 321 of 1955 [Ark. Code Ann. 14-234-101 to -110 (1987)], provided that a municipality owning a waterworks system shall have the option of extending its services to any consumer outside its boundaries, but it shall not be obligated to do so. See particularly Act 321 of 1955, § 7 (§ 14-234-110(a) and (b)). Section 7, codified as 14-234-110(b)(3), specifically empowered the "legislative body" of the municipality to determine the rates charged nonresident consumers. Act 131 of 1933, the legislation noted earlier and which authorized municipalities to purchase or construct a waterworks system, defined "legislative body" to mean the mayor and council of any city or town. See Act 131 of 1933, § 2. In 1959, the General Assembly again addressed this issue of providing services to adjoining areas by enacting Act 288 [Ark. Code Ann. § 14-234-111 (1987)], and the pertinent provisions of that Act provide as follows:
 SECTION 1. Any municipality in the State of Arkansas owning and operating a municipal waterworks system or a municipal sewer system or both may extend its service lines beyond its corporate limits for the purpose of giving water service, sewer service, or both, to adjacent areas where the demand for services is sufficient to produce revenues that will retire the cost of such service lines. . . .
* * *
 SECTION 3. Any municipality extending a service to an adjacent or nearby area shall have the power to fix the schedule of rates for services so extended.
 SECTION 4. Nothing in this Act shall be construed to require a municipality to extend either water or sewer service to adjacent or nearby areas.
299 Ark. at 544-45 (footnote omitted; brackets in original).
Based on this legislative history, the court drew the following conclusions:
 From a review of the foregoing, we believe it is beyond question that the General Assembly fully intended to empower municipalities with the authority to extend water and sewer services beyond their boundaries, but no one, including its water commission or sewer committee, can obligate a municipality to extend those services. Although Chartwell argues that such commissions and committees are autonomous, the General Assembly specifically grants, without mentioning such commissions or committees, the authority to municipalities to extend water and sewer services outside city boundaries and it further has provided that the rates charged for these services must be established by the municipality. In the case of water commissions, that municipal body is particularly defined as being its legislative body. Also, in reading the legislative laws pertaining to sewer committees, Act 132 delimits the authority given sewer committees to functions municipal councils provide them under ordinance or resolution.
Id. at 545 (emphasis added).
Given the Supreme Court's ruling in Chartwell, I believe the Batesville city council is clearly authorized to impose the restrictions set forth in the proposed city ordinances. This conclusion is fully consistent with the following opinion my predecessor expressed in Ark. Op. Att'y Gen. No. 97-313:
 Municipalities clearly have the option of extending water and sewer service to consumers outside their corporate limits, in accordance with A.C.A. §§ 14-234-110(b)(1) and 14-234-111(a) (1987). See also City of Little Rock v. Chartwell Valley Ltd. Partnership, 299 Ark. 542, 772 S.W.2d 616 (1989). It must be recognized, however, that while a city is empowered to extend services beyond its boundaries, ". . . it shall not be obligated to do so." A.C.A. § 14-234-110(b)(1). See also A.C.A. § 14-234-111(f) (providing that "[n]othing in this section shall be construed to require a municipality to extend either water or sewer service to adjacent or nearby areas.")
 As a general matter, therefore, a city can refuse to provide water service to a nonresident. As stated by the Arkansas Supreme Court in Chartwell Valley Ltd. Partnership, supra, following its citation of §§ 14-234-110 and -111:
 [W]e believe it is beyond question that the General Assembly fully intended to empower municipalities with the authority to extend water and sewer services beyond their boundaries, but no one . . . can obligate a municipality to extend those services.
 299 Ark. at 545.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh