Josephine Linker Hart, Justice, dissenting. I am troubled by the circuit court’s order: , ■ The Court hereby declares that the plain and unambiguous terms of the Water Purchase Contract . are enforceable against the Town of Lead Hill, and hereby issue a writ of mandamus compelling the Mayor and Aldermen of the Town of Lead Hill to satisfy their obligations under the Water Purchase Contract. I believe it must be reversed. The Arkansas Supreme Court has superintending authority over the inferior courts of this state. Ark. Const, amend. 80. We should exercise this authority, if for no other reason, than to prevent the misuse of an extraordinary writ and the violation of our state constitution. | ¾;We have used this superintending authority to remove judges from the bench, Arkansas Judicial Discipline Commission v. Proctor, 2010 Ark. 38, 360 S.W.3d 61; appoint special judges to take control over a circuit court’s docket, In re Phillips County, 2013 Ark. 55, 2013 WL 500832; draft all of the rules of civil and criminal procedure; and sit as the final approving authority over how a judicial district will operate. Accordingly, ■ in the case before us, we should not act as though we are fettered by the arguments raised in the parties’ briefs. Lost somewhere in the circuit court’s order, the parties’ briefs, and the majority’s decision is the fact that the controver-. sy between the parties is simply the breach of a commercial contract. Contract cases always have contract remedies. So, there is an adequate -remedy at law. By seeking the combination of declaratory judgment and mandamus, Ozark has sidestepped the issue of which side committed the first material breach — be it Ozark for refusing to adjust the minimum monthly charge in accordance with Article B. paragraph 4A of the contract or the repudiation of the contract by Lead Hill. As with any contract, even contracts that are unquestionably valid when they are executed, issues can arise that can excuse performance. This point is pivotal. For a writ of mandamus to compel a public corporation to perform its duties towards its creditors, there must first be a judgment to establish the validity and amount of the debt. School District No. 3 v. Bodenhamer, 43 Ark. 140 (1884). Our declaratory judgment statute does not provide for the rendering of a monetary judgment. See Ark.Code Ann. §§ 16-111-101-111 (Repl. 2006). In fact, the general assembly has declared that the purpose of an action under this statute is only to “settle and to afford relief from uncertainty and insecurity with | ^respect to rights, status, and other legal relations.” Ark.Code Ann. § 16-lll-102(b). When it is apparent that the stated purpose will not be accomplished, the.declaratory judgment statute expressly empowers a circuit court to refuse to enter a judgment or decree when it “would not terminate the uncertainty or controversy giving rise to the proceeding.” Ark. Code Ann. § 16-111-108. As noted previously, whether the wholesale water purchase, contract is valid as written is but one aspect of the controversy.[2] The issue of whether there were valid defenses to enforcement of the contract had to be litigated before a valid monetary judgment could issue.[3] It is therefore untenable that the circuit court would grant an extraordinary writ to, enforce payment of money pursuant to a commercial sales contract. Hitherto, our law on the propriety of granting a writ of mandamus has been well settled. As this court recently stated in Lonoke County. v. City of Lonoke: A “writ of mandamus” is “an order of the circuit court granted upon the petition of an aggrieved party or the state when the public interest is affected, commanding an ^executive, judicial, or ministerial officer to perform an act or omit to do an act, the performance or omission of which is enjoined by law.” ... The writ is issued where (1) the duty to be compelled is ministerial and not discretionary, (2) the petitioner has shown a clear and certain right to the relief sought, and (3) the petitioner lacks any other adequate remedy. 2013 Ark. 465, at 2, 430 S.W.3d 669, 670 (citations omitted). The existence of another “adequate remedy” has been treated as subject matter jurisdiction. See, e.g., Hanley v. Ark. State Claims Comm’n, 333 Ark. 159, 970 S.W.2d 198 (1998). Moreover, it is the burden of the party applying for the writ — Ozark—to show the absence of any specific legal remedy. Goings v. Mills, 1 Ark. 11 (1837). I have found nothing in the record that shows that Ozark has carried this burden. This court should therefore adhere to our long-established practice of raising issues of subject-matter jurisdiction on our own motion; it is settled law that subject-matter jurisdiction, if lacking, cannot be induced simply because there is no objection. Love v. Smackover School Dist., 322 Ark. 1, 907 S.W.2d 136 (1995) (Brown, J., dissenting) (citing J.W. Reynolds Lumber Co. v. Smackover State Bank, 310 Ark. 342, 836 S.W.2d 853 (1992)). The writ of mandamus issued by the circuit court compels the elected officials in Lead Hill, including the mayor and five aldermen, who were sued individually, as well as in their representative capacities, to pay contract damages. This is a clear abuse of mandamus. This court is now saying that a dispute involving any of the thousands of purchase contracts entered into by the state and local governments in Arkansas can subject our elected officials to personal liability if the government officials decide that there is a reason not to pay. More troubling still is the fact that the circuit court order imposes no limitation on 12r,the source of the funds to pay the minimum monthly charge for the water. Even thought the contract by its express terms in article C, paragraph 19 limits the source of the funds “solely [to] revenues generated by the sale of Purchaser’s water to its customers.” A long-term water-sales contract, such as the one before us, can pass state constitutional muster only if it contains a clause that limits the source of the funds to pay the minimum monthly charge to revenues generated by the waterworks. McGehee v. Williams, 191 Ark. 643, 87 S.W.2d 46 (1935). However, as noted, the circuit court’s order contains no such restriction. The result is that the circuit court’s order gives Ozark much more than it contracted for and backs it up with the contempt powers wielded by the circuit court. Looming in the background, though I admit not squarely before this court, is the threat that failure to pay these contract damages will result in these public officials being jailed for contempt. This is tantamount to imprisoning these officials for a debt, something clearly proscribed by our state constitution. Article 2, § 16 succinctly states, “No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud.” This court has previously rejected the. idea that contract cases could be enforced with jail time. In State v. Riggs, 305 Ark. 217, 807 S.W.2d 32 (1991), this court struck down as unconstitutional Arkansas Code Annotated section 5-37-525 (Supp. 1989), a statute that sought to criminalize a contractor’s or subcontractor’s knowing refusal to pay for materials. Invoking appellate practice and procedure is not a justification for retreating from this holding. I respectfully dissent. . In determining if there was a valid contract, the circuit court was only being asked to determine if the essential' elements of a contract were present: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. Tyson Foods, Inc. v. Archer, 356 Ark. 136, 147 S.W.3d 681 (2004). . The circuit court’s order is clearly wrong when it states: ' ' None of the other defenses raised by [Lead Hill] in opposing the Motion for Summary Judgment constitutes a valid defense to the enforcement of the Water Purchase Contract. No facts supporting such defenses would change the enforceability of the Water Purchase Contract as a matter of law. Lead Hill clearly asserted that Ozark had committed the first material breach of the contract, which would bé an absolute defense to enforcement. At the very least, this is a factual, dispute that should have defeated summary judgment.