4-WAY TIRE & BATTERY, INC.
and Jerry QUATTLEBAUM *v.*
INTERNATIONAL BUYERS CORPORATION

77-372                                                    566 S.W. 2d 143

Opinion delivered May 30, 1978
(Division II)

*O. W. (Pete) Wiggins, Sr.,* for appellants.

*Julius C. Acchione,* for appellee.

CONLEY BYRD, Justice. Appellants 4-Way Tire & Battery, Inc., and Jerry Quattlebaum appeal from a judgment entered in favor of International Buyers Corporation. For reversal appellants list the following points:

"POINT I. Was the Plaintiff, appellee on appeal, doing business within the State of Arkansas, without having registered with the Secretary of State of Arkansas, and were the courts available to the appellee because of its failure to so register? Did the ownership of the property sued on ever change hands despite the fact that appellee retained title to the property until it was paid for?

POINT II. Was the contract sued on void for usury on its face?

POINT III. Was the final failure of the appellee, plaintiff below, to ask for interest and attempt to circumvent the charge of usury under the Arkansas Constitution in violation of 10% interest, and the further question of whether or not the law of the forum would prevail where the enforcement of the contract was sought? Did the trial court err in refusing to recognize the adjustment on returned merchandise which Mr. Edwards picked up and allowed adjustment for and was the court's judgment contrary to the facts established in the trial court?"

Appellant's statement of the case takes up 8 pages of the brief. The statement apparently contains a summary of the pleadings. It also contains a designation of the record and the

appearances of counsel for the respective parties. Our Rule 9(b) provides:

> "(b) After the index, if any, the appellant's abstract and brief shall begin with a concise statement of the case, without argument. This statement, ordinarily not exceeding two pages in length, should be sufficient to enable the court to read the abstract with an understanding of the nature of the case, the general fact situation, and the action taken by the trial court. . . ."

Rule 9(c) then requires the appellant to list the points upon which he relies for reversal. Rule 9(d) then provides:

> "The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision. . . ."

Following the listing of the points to be relied upon, appellant does not bother to abstract the pleadings. The abstract at that point starts out with the testimony of Mr. Paul Harold Mazingo, vice president of operations of appellee. Here again appellant neglects to follow our Rule 9(d) — page 15 of the abstract between the designation "(TR 56)" and "(TR 60)", we find the following:

> "It must be remembered that after the action was filed the issues were joined, certain amounts were available from the Fire Insurance Policy proceeds and the parties agree to take the sum of $8,775.18 and after certain credits were given the remaining disputed items totaled $3,333.00. The disputed items represent tires that were defective and wrong sized and Mr. Edwards was sent to Little Rock to adjust the items and the tires were outside of the building and there was a credit of freight bills and some spacer items. The tires were some that had become bad and some were over-sized and some not fit to use and the sum of $3,333.00 is definitely in dispute."

We have diligently searched the record from pages 56 through 60 of the transcript and we have been unable to find any testimony of witness Mazingo to support the above quote. In fact it appears to us that appellant inserted the statement, contrary to the Rules by way of argument. Consequently, we have before us a one brief case (appellee has filed no brief) in which the statement of the case does not comply with our rules and in which the abstracting of the testimony is interspersed with argument in such a manner that it is difficult to distinguish between what the record would show and what may appear to be only argument. While we might be inclined to disregard the violations of either Rule 9(b) or Rule 9(d) if either appeared separately without the other, we feel that we cannot do so in view of the violations of both that are shown here. This court is reluctant to affirm a judgment because of the violation of Rule 9. Such rulings always involve matters of judgment that even the members of this court often disagree about. However, where the abstracting is deficient to the point that the members of this court cannot follow the proceedings as they were presented to the trial court, it places the members of this court in a position of speculating as to what transpired unless they have read the record.[1] In such situations, we should affirm the judgment of the trial court rather than speculate on what the facts or proceedings were before the trial court.

Affirmed.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.

---

[1] One of the participating Justices would affirm on the merits.