Gloria J. JOLLY *v.* Judge George HARTJE, Jr., Faulkner County Circuit Court; Charles Castleberry, Faulkner County Sheriff; and Sandy E. Jolly

86-68                                                    740 S.W.2d 143

Supreme Court of Arkansas
Opinion delivered November 30, 1987
[Rehearing denied January 13, 1988.]

*William J. Velek*, for appellant.

*Ronald L. Burton*, for appellees.

STEELE HAYS, Justice. Petitioner Gloria Jolly and Respondent Sandy Jolly were divorced in 1982. They have continued to engage in frequent disputes over property and child support. In February of 1986 Mrs. Jolly filed an action in the Faulkner Circuit Court claiming that Mr. Jolly had removed timber from lands held in trust for their two daughters. A series of hearings over widening issues followed and at one point Mrs. Jolly was held to be in contempt and sentenced to thirty days in jail with twenty-six days suspended. She appealed and that order was reversed. *Jolly v. Jolly*, 290 Ark. 352, 719 S.W.2d 930 (1986). While that appeal was pending she petitioned for prohibition, which was denied.

On October 20 and 21, the Faulkner circuit judge, sitting as circuit judge and special chancellor on exchange, conducted two days of non-jury hearings dealing with matters pending on both the law and chancery dockets. The hearings resulted in a judgment against Mr. Jolly for the value of timber removed and a decree which included findings that Mrs. Jolly had used the SCAN office to harass Mr. Jolly with complaints of child abuse. She was ordered to bring her complaints to the court.

Mrs. Jolly has appealed on a number of points: whether appellant was entitled to a trial by jury under the Arkansas Constitution; whether appellant was denied due process; whether appellant's motion for a continuance should have been granted; whether the court can privately question witnesses about the case being tried by banning a party and her attorney; whether it was a denial of free speech to prohibit appellant from petitioning

SCAN; whether the trial judge should have recused.

■ We cannot reach the issues we are asked to decide. The appellant has given us almost nothing in the way of an abstract of the pleadings or testimony. In fact, the abstract consists of nothing more than a few sentences covering two hearings in March, two in June, 1986 and from two days of hearings in October. There is no abstract whatever of the pleadings, testimony, exhibits, orders and final judgment and decree. Appellant has referred us (in oral argument) to her brief and abstract filed in July, 1986 in connection with her appeal of the contempt order. But that offers no assistance. The points of error are wholly different and the pleadings were deliberately omitted from that brief as well, as being "not relevant." Obviously a brief filed in July 1986 cannot contain proceedings, testimony, and final orders which came months later.

■■ This four volume record contains 551 pages. We do not suggest that irrelevant portions of the trial proceedings should be abstracted. Indeed, the rules provide that the abstract should consist of "*only*" such material parts as are necessary to an understanding of all questions presented to this court for decision. Rule 9(d) of the Rules of the Supreme Court and the Court of Appeals. Ordinarily the basic pleadings and judgment or decree appealed from are essential constituents of the abstract, as we have frequently noted. *Farrco Construction et al.* v. *Coleman,* 267 Ark. 159, 589 S.W.2d 573 (1979); *Zini* v. *Percival,* 289 Ark. 343, 711 S.W.2d 477 (1986); *Wells* v. *Paragon Printing Company,* 249 Ark. 950, 462 S.W.2d 471 (1971). See also, Smith, *Arkansas Practice Abstracting the Record,* 31 Ark. L. Rev. 359 (1977). We cannot decide the points argued for the want of an abstract and, accordingly, we must affirm under Rule 9(d).

Affirmed.