MEYERS GENERAL AGENCY *v.* Marjorie LAVENDER, James Lavender, and Commercial American Insurance, Inc.

89-297                                                                    785 S.W.2d 28

Supreme Court of Arkansas
Opinion delivered March 5, 1990
[Rehearing denied April 2, 1990.*]

*Daggett, Van Dover, & Donovan*, by: *Jesse B. Daggett*, for appellant.

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *Randel K. Miller*, for appellees.

TOM GLAZE, Justice. Appellant obtained judgment against appellees in the sum of $30,633.79, but the trial court denied

---

*Hays, J., would grant rehearing. Price, J., not participating.

appellant's request for attorney's fees. On appeal, appellant claims it is entitled to attorney's fees under Ark. Code Ann. § 16-22-308 (1987), and the trial court erred in holding § 16-22-308, which was enacted on April 1, 1987, did not apply to this case.

■ We have frequently noted that the basic pleadings and the judgment or decree appealed from are ordinarily essential constituents of the abstract. *Davis* v. *Wingfield*, 297 Ark. 57, 759 S.W.2d 219 (1988). Since there is only one transcript, it would be impractical to require all the members of the court to examine it to determine the contents of the lower court's judgment. *Id.*

Here, appellant failed to abstract any of the proceedings below, including the judgment and pleadings. In fact, appellant's original complaint filed in this matter is neither abstracted nor made a part of the transcript. While the parties seem to agree in their arguments that the appellant's suit was filed before § 16-22-308 was enacted, appellant's statement of the case reflects it was filed afterwards, August 31, 1988. The August 31, 1988, date probably is in error since appellant's amended complaint bears that same date. Even so, neither the abstract nor transcript reflects any other date concerning when this action may have been filed.

■ Because the judgment and pleadings were not abstracted, we affirm pursuant to Rule 9(e)(2). In doing so, we further note that we viewed this matter under provisional Rule 9, which provides for the alternative appendix system. *In re Revision of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas*, 296 Ark. 581, 757 S.W.2d LVIII (1988). Appellant filed no appendix, and as mentioned previously, even the transcript submitted on appeal omits pleadings which are relevant to the issues on appeal.

We affirm.

PRICE, J., not participating.