LOGAN COUNTY, ARKANSAS *v.* Buster TRITT

90-20                                                787 S.W.2d 239

Supreme Court of Arkansas
Opinion delivered April 16, 1990

*John R. Williams*, for appellant.

*Hixson, Cleveland & Rush*, for appellee.

OTIS H. TURNER, Justice. This is an appeal from a jury verdict in favor of former Logan County Judge Buster Tritt awarding $5,997.55 as reimbursement for attorney's fees incurred in his official capacity as county judge. The dispute arose over an appointment to the County Equalization Board which the Quorum Court contested by filing a suit against the judge. The office of the prosecuting attorney represented the Quorum Court in bringing the action and Judge Tritt hired personal counsel to respond. At the conclusion, Judge Tritt filed a claim with the county for reimbursement of his legal expense which was disallowed.

The appellant raises five points for reversal, including contentions that there was a failure to properly itemize the disallowed claim against the county; that no funds were appropriated to pay the claim, without which there can be no disbursement of county funds; and, further, that there was no showing that funds were available from which the claim could be paid.

We are unable to consider the appellant's plea for reversal because of a total noncompliance with Rule 9 of the Rules of the Supreme Court. Rule 9(d) requires, in part, that the appellant's abstract should consist of an impartial condensation of only such material parts of the pleadings, facts, documents,

and other matters in the record as are necessary to an understanding of all questions presented to the court for decision.

■ The entire case below and the principal point on this appeal concerns an itemized statement of the attorney hired by the appellee. Yet, that statement, though referred to in argument, is not abstracted. The abstract is likewise flagrantly deficient with regard to each of the other issues. There is not even an effort to abstract the pleadings — even the judgment from which this appeal is taken has been omitted. A summary of the pleadings and the judgment appealed from are the bare essentials of an abstract. *Jolly* v. *Hartje*, 294 Ark. 16, 740 S.W.2d 143 (1987); *see also*, Smith, *Arkansas Appellate Practice: Abstracting the Record*, 31 Ark. L. Rev. 359 (1977).

■ Appellant's entire abstract of a 240-page, two-volume record consists of snippets of testimony, totally inadequate for an understanding, much less for a resolution, of the issues.

As Justice Smith wrote, "[O]ne transcript cannot possibly be examined by all seven members of the court in every case and in fact *will not be* so examined in any case." Smith, *supra*, at 361.

Affirmed.