Jay SAMPLES *v.* Genell SAMPLES, D.L. Sitton Motor Lines, Inc., A Missouri Corporation, and Mark A. Summers

91-68                                                      810 S.W.2d 951

Supreme Court of Arkansas
Opinion delivered July 1, 1991

*Merritt & Rooney, Inc.* by: *Michael T. Rooney*, for appellant.

*Hardin, Jesson, Dawson & Terry*, by: *Robert T. Dawson* and *Gregory L. Crow* for appellee Genell Samples.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Richard N. Watts,* and *Brian Allen Brown* for appellee D.L. Sitton Motor Lines, Inc. and Mark A. Summers.

JACK HOLT, JR., Chief Justice. This case involves a negligence suit brought by the appellant, Jay Samples, arising from an automobile accident. Mr. Samples was a passenger in a Ryder

truck driven by his wife, appellee Genell Samples, that was struck from behind by a truck driven by appellee Mark Summers during the course of his employment duties with appellee, D.L. Sitton Motor Lines.

On June 11, 1990, the trial court entered a judgment reflecting the jury's verdict that none of the appellees were negligent and dismissed the case. Mr. Samples appeals and alleges 1) that the trial court committed reversible error when it improperly instructed the jury on the issue of "sudden emergency" where all of the evidence supported a finding of negligence on the part of one or all of the defendants, 2) that where a jury instruction is given that confuses or misleads a jury, the judgment must be reversed, and 3) that the jury's verdict was not supported by substantial evidence because there was no evidence adduced at trial that the accident was unavoidable and all of the evidence clearly demonstrated negligence on the part of one or all of the defendants.

We are unable to consider Mr. Samples's plea for reversal because of a total noncompliance with Ark. Sup. Ct. R. 9. Rule 9(d) requires, in part, that an appellant's abstract should consist of an impartial condensation of only such material parts of the pleadings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the court for decision.

A key issue in the case below, and the principal point on this appeal, concerns a contested jury instruction on sudden emergency. Yet, that jury instruction, though referred to in argument, is not abstracted. The abstract is likewise flagrantly deficient with regard to Mr. Sample's claim of insubstantial evidence in that he has not included a motion for directed verdict, a material part of the proceedings, with regard to this issue. *See Willson Safety Prod.* v. *Eschenbrenner*, 302 Ark. 228, 788 S.W.2d 729 (1990); Ark. R. Civ. P. 50(e).

Additionally, in *Logan County* v. *Tritt*, 302 Ark. 81, 787 S.W.2d 239 (1990) (citing *Jolly* v. *Hartje*, 294 Ark. 16, 740 S.W.2d 143 (1987)), we stated that a summary of the pleadings and the judgment appealed from are the bare essentials of an abstract. With particular reference to the pleadings in this case, Mr. Samples has failed to abstract the appellees' answer, the

notice of appeal, and the judgment.

▮ In sum, then, Mr. Samples's entire abstract of a 619 page, four-volume record consists of his petition and snippets of testimony, which are totally inadequate for an understanding, much less for a resolution, of the issues presented. *Logan County v. Tritt, supra.* We also note that Mr. Samples was given a second opportunity to appropriately abstract the record on appeal, yet he has failed to conform his abstract to our rules.

Consequently, the judgment is affirmed.

Glaze, J., not participating.