Leonard HUNTER *v.* Burgess WILLIAMS

91-277                                                823 S.W.2d 894

Supreme Court of Arkansas
Opinion delivered February 10, 1992

*Robert P. Remet*, for appellant.

*Odell C. Carter*, for appellee.

ROBERT H. DUDLEY, Justice. The plaintiff's brief, written in a lighter vein, states that the defendant owned a wandering bovine, which roamed the roads as well as the fields, and, upon being struck by plaintiff's car, caused damage as it somersaulted over the top of the car. The plaintiff sued the defendant. The municipal court dismissed his complaint. He appealed. The circuit court dismissed his complaint. He again appeals. Unfortunately, we must affirm under Rule 9(d).

Plaintiff's only argument on appeal is: "Plaintiff was not negligent; defendant was negligent." In his statement of the case he tells us that the circuit court found both the plaintiff and the defendant negligent. However, he does not tell us the reason the circuit judge found him, the owner but not the driver of the car, negligent. More important, he does not supply us with copies of, or an abstract of, the trial court's order. Without that document we cannot decide the case, and we must affirm under Rule 9(d) of the Rules of the Supreme Court and Court of Appeals. *See Meyers Gen. Agency* v. *Lavender*, 301 Ark. 503, 785 S.W.2d 28 (1990). In the recent case of *Zini* v. *Perciful*, 289 Ark. 343, 344, 711 S.W.2d 477, 478 (1986), we set out the reason for Rule 9:

It is impossible for us to consider the appellants' contentions, because counsel have not provided us either with an exact quotation of the instrument in question or with an abstract of it. We have no idea how it reads. We are referred by the appellants to Exhibit 2 in the transcript, but for a hundred years we have pointed out, repeatedly, that there being only one transcript it is impractical for all members of the court to examine it, and we will not do so. An early case, among scores of such cases, is *Shorter University* v. *Franklin*, 75 Ark. 571, 88 S.W. 974. There we noted, in 1905, that the rule (now Rule 9) had been promulgated twenty years earlier. Accordingly, we affirm pursuant to Rule 9(d).