STEPHENS PRODUCTION COMPANY, Arkla, Inc., Arkla Exploration Company, and Arkoma Production Company *v.* Mildred M. JOHNSON, Trustee of the Mildred M. Johnson Trust, Mamie J. Keifer, Rosamond Johnson, Nora House, Sara Adams Ridgway, Sunbelt Exploration Company, and Jim T. Walker

91-333                                            842 S.W.2d 851

Supreme Court of Arkansas
Opinion delivered December 7, 1992
[Rehearing denied January 11, 1993.*]

*Smith, Stroud, McClerkin, Dunn & Nutter*, by: *Hayes C. McClerkin* and *Barry A. Bryant*, for appellants.

*Holt, C.J., and Brown, J., not participating.

*Dorsey Ryan*, for appellee.

*Turner & Mainard*, by: *Lonnie Turner*, for amicus curiae.

ROBERT H. DUDLEY, Justice. The chancellor cancelled the oil and gas leases to some of the vertical geological formations of a drilling unit. The defendant production companies appeal from the chancellor's finding that they have abandoned some of the formations, and the plaintiffs cross-appeal from the finding that the defendants have not totally abandoned the leases.

We cannot reach the merits of the case and must affirm the final order on both direct and cross-appeal for failure of the parties to comply with Rule 9(d) of the Rules of the Supreme Court and Court of Appeals. There is no abstract, by either the appellants or the cross-appellants, of the complaint, the cross-complaint, or either of the answers. An abstract of those pleadings would be helpful. There is no abstract of the chancellor's findings of fact or of the final order, and these are essential in order to understand this case. Equally critical are certain exhibits which are not abstracted or copied. The testimony of the witnesses about the exhibits is abstracted, but, without the exhibits, much of the testimony about the issues is meaningless.

It is necessary for a party to abstract the essential portions of the proceedings relied upon for appeal purposes. Otherwise, all seven members of the court would have to pass, from office to office, the one transcript and the one set of exhibits in order to examine and understand the case, and, with the number of cases submitted, that is impossible. We have no alternative other than to do as we have done in other comparable cases and affirm the decree of the chancellor. *See Hunter* v. *Williams*, 308 Ark. 276, 823 S.W.2d 894 (1992); Meyers Gen. Agency v. *Lavender*, 301 Ark. 503, 785 S.W.2d 28 (1990); *Cash* v. *Holder*, 293 Ark. 537, 739 S.W.2d 538 (1987); *Zini* v. *Perciful*, 289 Ark. 343, 711 S.W.2d 477 (1986).

Accordingly, we affirm pursuant to Rule 9(d).

HOLT, C. J. and BROWN, J., not participating.

Special Chief Justice WRIGHT and Special Justice ROSS concur.

ROBERT R. WRIGHT, Special Chief Justice, concurring. I concur in this decision with great reluctance. I concur only

because Rule 9 of the Rules of the Supreme Court and Court of Appeals has been violated. It is my view that Rule 9 should be amended to provide that as soon as the problem has been discovered, the attorney involved be given thirty days in which to correct the problem by filling a new abstract or such missing documents as may present a problem. As it exists in its present form, Rule 9 is extremely harsh to litigants and lawyers alike. It is procedural in nature, but its application is punitive. The Rule should be amended as stated to ameliorate its harshness and to prevent injustice to those litigants whom it affects.

The situation in this case was such that the justices involved had to place great reliance upon the transcripts. There were five volumes, and I read most of them totally and some in part. I also examined the legal issues, involved in a number of cases, treatises, and law review articles. I felt qualified after that to render a judgment on the merits.

It is my opinion, in that regard, that the Chancellor would have been affirmed, at least in large measure, if the merits had been reached. Under those circumstances, the application of Rule 9 would seem to make little difference in the outcome. While there was conflicting testimony and evidence, this Court adheres to the proposition that the Chancellor will be affirmed unless his holding is clearly erroneous. If for no other reason, affirmance would probably have resulted even though I did not agree with him in some respects.

One thing that I would have commented on if the case had been decided on the merits is a rule in Arkansas oil and gas law that seems not to be the better rule and, in fact, is contrary to that of some of our neighboring, oil-producing states. In Arkansas, a new lessee can obtain a second lease from the lessor and then notify the first lessee that his lease is not any good due to the failure to drill. *Byrd* v. *Bradham*, 280 Ark. 11, 655 S.W.2d 366 (1983); S. Wright, *The Arkansas Law of Oil and Gas*, 10 U. Ark. Little Rock L.J. 699, 705 (1988). The better rule is that there should be a burden on the lessor to notify the lessee that if a well is not drilled within a certain reasonable period of time, the lease will be cancelled and there will be a new lessee. E. Kuntz, J. Lowe, O. Anderson, & E. Smith, *Oil and Gas Law* 287 (1986). The effect of non-drilling would not necessarily cancel the lease,

which would still be subject to the prudent operator standard and the implied covenant of reasonable development, but requiring notice might help to prevent litigation, which should be an object of the judicial system.

JAMES A. ROSS, JR., Special Associate Justice, concurring. I concur in the results reached by the Court, but for different reasons. I would not affirm because of a failure to comply with Rule 9(d) of the Rules of the Supreme Court and Court of Appeals. However, based on the merits of the case, I would affirm the Decree of the Chancery Court of Franklin County on both direct appeal and cross-appeal.