Dan C. EDWARDS *v.* Steven NEUSE, Dale Evans and John Burrow, as Individuals Who Formerly or Currently Serve as Members of the Washington County Board of Election Commissioners

Marlene Ray, as an Individual Who Formerly Served as a Member of the Washington County Board of Election Commissioners

Job Serebrov, as the Individual Who Replaced Appellee/Cross-Appellant Ray, and Who Currently Serves as a Member of the Washington County Board of Election Commissioners

92-810                                    849 S.W.2d 479

Supreme Court of Arkansas
Opinion delivered March 15, 1993

*Donald C. Donner*, for appellant.

*George E. Butler, Jr.*, Washington County Att'y, for appellees Neuse, Evans, and Burrow.

*William George Myers*, for appellees Ray and Serebrov.

DONALD L. CORBIN, Justice. Appellant, Dan C. Edwards, appeals from an order of the Washington Circuit Court dismissing his petition for mandamus. Separate appellees, Marlene Ray and Job Serebrov, cross-appeal from the same order which also dismisses their cross-petition. We affirm the direct appeal for failure to comply with Ark. Sup. Ct. R. 9(d). We dismiss the cross-appeal as the record does not show that a notice of cross-appeal was ever filed.

The requirements of an abstract are clearly stated in Ark. Sup. Ct. R. 9 and we have interpreted those requirements time and time again in numerous opinions. *See e.g., Mills* v. *Holland,* 307 Ark. 418, 820 S.W.2d 63 (1991). As it is a practical impossibility for the seven of us to examine the single transcript that is filed with this court, *Hunter* v. *Williams,* 308 Ark. 276, 823 S.W.2d 894 (1992), it is absolutely essential that an appellant

produce an abstract containing the information necessary for us to decide his or her appeal. Ark. Sup. Ct. R. 9(d) states that an appellant's abstract should consist of "*only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision." In *D.J.* v. *State*, 308 Ark. 37, 38, 821 S.W.2d 782, 783 (1992), we explained this particular sentence of Rule 9(d):

> The word "only" is emphasized to stress that extraneous material should be omitted. However, some portions of the record are essential to an adequate understanding of the specific issues. They normally include at a minimum motions and orders relative to the argument raised.

In the present case, appellant did not include any pleadings, documents, or orders in his abstract. He merely listed the title of each pleading or document and its corresponding page number in the transcript. It seems too simple to require our stating so, but apparently we must: an abstract of appellant's petition for mandamus and the trial court's order dismissing his petition is necessary to our decision of the questions presented in this appeal. To decide this appeal, we must, at an absolute minimum, know what the trial court ruled before we can possibly determine any error. *See Hunter*, 308 Ark. 276, 823 S.W.2d 894; *Logan County* v. *Tritt*, 302 Ark. 81, 787 S.W.2d 239 (1990).

The absence of pleadings and documents is not the only deficiency in appellant's abstract. The transcript of the hearing on appellees' motion to dismiss the petition for mandamus is abstracted in the third person. According to Ark. Sup. Ct. R. 9(d), the hearing must be abstracted in the first person. Abstracting dialogue or testimony in the first person is much easier on both the one making the abstract and the one reading the abstract. Even if the abstract of the hearing was in the correct person, it would still be deficient because it does not supply the information necessary for deciding this case. To illustrate the deficiency in the abstract of the hearing, we quote the following paragraph of appellant's abstract:

> Response to Motion to Dismiss by Mr. Donner, counsel for Appellant Dan Edwards: Argument that action is an election contest, contesting Appellee Neuse's qualifi-

cations to vote on quorum court district boundaries (T-94 and T-95).

Appellant's abstract page 9. From the foregoing quotation, it is impossible for us to know the particular basis of appellant's argument that appellee Neuse was disqualified. Thus, we are faced with an abstract that does not tell us anything about the arguments raised below or the trial court's rulings thereon.

■ Ark. Sup. Ct. R. 9(e)(1) states that if an appellee considers an abstract to be deficient, he or she may elect to cure the deficiency by submitting a supplemental abstract. This is not a mandatory requirement. However, it is interesting to note that four of the seven briefs filed in this appeal presented the various attorneys with opportunities to supply us with a sufficient abstract, yet no such opportunity was taken.

■ Regardless of whether an appellee calls a deficient abstract to our attention, it is a matter we consider when the case is submitted on the merits. Ark. Sup. Ct. R. 9(e)(2). We have the option of affirming the appeal for non-compliance with Rule 9, or if we consider affirmance to be unduly harsh, we may order the parties to re-brief the case. *Id.* In this particular case, information about the proceedings below is sketchy at best. Based on the extremely limited information we have before us, it appears that appellant's claim has no merit. Therefore, we consider an affirmance for failure to comply with Rule 9 not to be unduly harsh in this case.

■ Appellees Ray and Serebrov add three additional points on cross-appeal. However, neither appellant's abstract nor appellees' supplemental abstract indicate that appellees Ray and Serebrov filed a notice of cross-appeal. Moreover, we are informed the transcript does not indicate that a notice of cross-appeal was ever filed. As appellees Ray and Serebrov seek affirmative relief and have failed to file the requisite notice of cross-appeal, we dismiss their cross-appeal. *Pledger* v. *Illinois Tool Works, Inc.*, 306 Ark. 134, 812 S.W.2d 101, *cert. denied*, 112 S. Ct. 418 (1991); *Brown* v. *Minor*, 305 Ark. 556, 810 S.W.2d 334 (1991); Ark. R. App. P. 3(d).

Affirmed on direct appeal; dismissed on cross-appeal.