Marie TRAPP and Jimmy Moore, Co-Administrators of the Estate of Donald Wayne Moore, Deceased *v.* ECONOMY ENGINEERING COMPANY; Raymond Holt, d/b/a Holt's Equipment Rental and Sparton Corporation

93-874                                                       871 S.W.2d 345

Supreme Court of Arkansas
Opinion delivered February 21, 1994
[Supplemental Opinion on Denial of Rehearing
April 11, 1994]

*Wilson & Associates*, by: *J.L. Wilson*, for appellants.

*Rieves & Mayton*, by: *Martin W. Bowen*, for appellees.

DONALD L. CORBIN, Justice. Appellant, Donald Wayne Moore, through the co-administrators of his estate, appeals the entrance of summary judgment in favor of separate appellee, Sparton Corporation (Sparton). Appellant was electrocuted on Sparton's property while riding an electrically charged forklift and coming in contact with another metal object. After Sparton moved for summary judgment, the parties filed briefs and a hearing was conducted. The trial court determined as a matter of law that appellant's status at the time of his death was that of a licensee and that Sparton had met the commensurate duty.

Although not raised by Sparton, we do not reach the merits of appellant's case because appellant failed to comply with our brief and abstract requirements. *See* Ark. Sup. Ct. R. 4-1 and 4-2. We may raise issues of deficiencies on our own motion. Ark. Sup. Ct. R. 4-2(b)(2). First, we note that appellant's brief lacked a jurisdictional statement as required by Rule 4-2(a)(2). Next we note that briefs submitted must be double-spaced unless the single-spaced material is quoted information. *See* Ark. Sup. Ct. R. 4-1(a). The abstract portion of appellant's brief is in large portion single-spaced in contravention of this rule. Deposition testimony appears to be quoted verbatim, but it is neither single spaced nor indented.

Moreover, the abstract contains information that is clearly unnecessary for determination of the issues presented, but is lacking information that is pertinent. Appellant also failed to abstract the notice of appeal as well as the order of the trial court. See Edwards v. Neuse, 312 Ark. 302, 849 S.W.2d 479 (1993). This appeal comes from an order disposing of less than all parties and less than all issues; not all defendants were released from this lit-

igation in the summary judgment from which this appeal resulted. Upon appellant's motion, the trial court entered an order granting appellant leave to appeal, and this is not made part of the abstract.

We have held that it is impractical if not impossible to pass around a single transcript when there are seven justices on this court. *See e.g. Davis* v. *Peebles*, 313 Ark. 654, 857 S.W.2d 825 (1993). In the absence of this vital information being properly abstracted, according to the rules of this court, it is impossible for this court to make an informed decision on the merits of this case. Flagrant failure to abstract in accordance with the rules will result in our refusal to reach an appellant's arguments. *Id.* Because of appellant's omission of material pleadings and the other enumerated deficiencies in the abstract, we affirm.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
## APRIL 11, 1994

875 S.W.2d 486

*Wilson & Associates*, by: *J.L. Wilson*, for appellant.

*Rieves & Mayton*, by: *Elton A. Rieves IV*, for appellee.

PER CURIAM. Petitioner Jimmy Wayne Moore, Co-Administrator of the Estate of Donald Wayne Moore, deceased, argues on rehearing that failure to abstract an order giving leave to appeal an interlocutory order was not a flagrant violation of S.Ct. R. 4-2(a)(6). In the alternative, petitioner requests the right to file a supplemental abstract to comply with the rule.

■ The petition is denied. Failure to abstract a critical order has been grounds for affirmance under Rule 4-2(a)(6) or its predecessor, Rule 9. *See, e.g., Montgomery* v. *Butler*, 309 Ark. 491, 834 S.W.2d 148 (1992) (appendix case); *Stephens Production Co.* v. *Johnson*, 311 Ark. 206, 842 S.W.2d 851 (1992); *Hunter* v. *Williams*, 308 Ark. 276, 823 S.W.2d 894 (1992); *Brooks* v. *City of Benton*, 308 Ark. 571, 826 S.W.2d 259 (1992). The missing order in this instance was significant. Not knowing the basis by which the trial court permitted an interlocutory appeal impeded this court's ability to make an informed decision on whether a violation of Ark. R. Civ. P 54(b) had occurred.

■ We will allow a supplemental abstract in certain cases where the circumstances warrant it *before the case is submitted for decision. See, e.g., Young* v. *State*, 308 Ark. 372, 823 S.W.2d 911 (1992). When that occurs any expenses associated with reabstracting incurred by the non-moving party will be subject to payment by the moving party. Here, the request to reabstract comes not only after submission but after the case has been decided. It is simply too late to correct the deficiency.

Petition denied.