Donald L. McPEEK, et al. *v.* WHITE RIVER LODGE
ENTERPRISES, et al.

93-1267                                                  924 S.W.2d 456

Supreme Court of Arkansas
Opinion delivered June 17, 1996

*Austin & Osborne,* by: *Brenda Austin,* for appellants.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.,* by:
*David R. Matthews* and *Larry J. Thompson,* for appellees.

DAVID NEWBERN, Justice. The procedural history of this case, which began in 1988, is long and tortured. It now comes to an end as we must affirm on appeal and on cross-appeal because of failure of the parties to furnish abstracts of the orders from which the appeal and cross-appeal have been taken.

Donald and Mary Louise McPeek sought an injunction preventing White River Lodge Enterprises and its general partners (White River) from discharging effluent on the McPeeks' property from White River's sewage disposal system. White River counter-claimed, alleging the McPeeks were improperly claiming title to property belonging to White River at their joint boundary. The boundary dispute counter-claim was not pursued by White River at the trial, and a judgment was entered on June 21, 1993, denying the injunctive relief sought by the McPeeks.

The McPeeks filed a notice of appeal on July 9, 1993, and proceeded with an appeal before this Court. Thereafter, they moved in the Chancery Court to have the judgment set aside on the ground that Timothy Coplin, one of the owners of White River, had given false testimony. The appeal pending in this Court was dismissed, and the case was remanded to the Chancellor to settle the record. On March 25, 1994, the Chancellor set the original judgment aside.

After further hearings, the Chancellor awarded an injunction in favor of the McPeeks by an order entered August 2, 1994. The McPeeks filed a supplemental motion on October 20, 1994, alleg-ing unnecessary delay, harassment, interference with discovery, false testimony, and a false claim against their real property, seeking costs and fees pursuant to Ark. R. Civ. P. 11. As abstracted, the motion mentions only Rule 11 as a basis for recovery.

In an order entered January 24, 1995, the Chancellor imposed Rule 11 sanctions on White River, and the McPeeks were given 10 days to submit an itemized list of fees and costs. The abstract contains no further order concerning the fees and costs; nor is there any abstract of the list of fees and costs to be considered by the Chancellor. Some fee and costs lists are included as "addenda" at the conclusion of the McPeeks' brief, but we have no way of knowing if, how, or when, these lists were submitted to the Chan-cellor. Many of the items in them are stated as "fees" without further information as to who charged them or to whom they were

paid, if they were paid, or to what aspect of the case they may have been related. We do have an abstract of testimony by Mr. McPeek stating that he was, during his testimony, handed a list of fees and expenses he says he paid in connection with the litigation, but we do not have any way of knowing if the lists in the addenda to the brief are the ones handed to him during his testimony.

■ In arguing their first point of appeal, the McPeeks contend the Chancellor erred in denying attorney's fees sought pursuant to Ark. Code Ann. § 14-236-106 (Supp. 1995). That section provides for the awarding of attorney's fees, damages, and a penalty against one who "willingly and knowingly" violates the Arkansas Sewage Disposal Systems Act. Ark. Code Ann. §§ 14-236-101 through 14-236-118 (1987 and Supp. 1995). The abstract contains no order denying a request for fees made pursuant to that statute. As noted above, the only reference in the abstract of the motion for fees shows that the fees were sought pursuant to Rule 11, and there is no mention of the statute. The McPeeks have not demonstrated that the Chancellor ruled on their motion, even if we could conclude the motion was made pursuant to the statute. *Farmers Bank* v. *Perry*, 301 Ark. 547, 787 S.W.2d 645 (1990).

■ In their second point, the McPeeks argue the Chancellor erred by excluding part of the fees and costs requested for violation of Rule 11 and by denying fees and costs sought by them pursuant to Ark. Code Ann. § 16-22-309(a)(1) (Repl. 1994). The latter is the legislative provision for recovery of an attorney's fee against a party who files an action lacking a justiciable issue. Again, we have no order in the abstract denying such relief or showing that it was considered by the Chancellor.

In its first argument on cross-appeal, White River contends the Chancellor erred in setting aside the original judgment. There is no abstract of the motion to vacate or response to such a motion, nor is there any abstract of a hearing held to consider the motion. The order from which the cross-appeal is taken is abstracted in the McPeeks' abstract only as follows: "ORDER, dated March 21, 1994, filed March 25, 1994." White River provided no supplemental abstract in its opening brief on cross-appeal, so we have no idea what the order said or the basis of its entry.

■ A summary of the pleadings and the judgment appealed from are the bare essentials of an abstract. *Logan County* v. *Tritt*, 302

Ark. 81, 787 S.W.2d 239 (1990); *Jolly* v. *Hartje*, 294 Ark. 16, 740 S.W.2d 143 (1987). An appellant's abstract or abridgement of the record should consist of an impartial condensation of the material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the court for decision. *Davis* v. *Peebles*, 313 Ark. 654, 857 S.W.2d 825 (1993). The reason for the rule, as we have often explained, is that there is only one record and there are seven judges. It is impractical, and oftentimes impossible, for all seven judges to attempt to pass around the one record. *Pennington* v. *City of Sherwood*, 304 Ark. 362, 802 S.W.2d 456 (1991). It is the appellant's burden to abstract the record to demonstrate error, and the appellate court will not go to the record to determine whether reversible error occurred. *Farmers Bank* v. *Perry, supra.* The same rule applies, of course, to cross-appellants. *See Stephens Prod. Co.* v. *Johnson,* 311 Ark. 206, 849 S.W.2d 479 (1993).

Without abstracts of the sanction ruling from which the McPeeks appeal and the order setting aside the judgment from which White River appeals, we decline to reverse the Chancellor on either.

In conclusion, we note that White River has moved to dismiss the McPeeks' appeal, supporting the motion with a supplemental abstract in its reply brief. The McPeeks have moved to strike White River's supplemental abstract. In view of our decision to affirm on the basis of Rule 4-2(h), we need not consider or decide those motions.

Affirmed on appeal and on cross-appeal.

DUDLEY, J., not participating.

BROWN, J., concurs in part and dissents in part.

ROBERT L. BROWN, Justice, concurring in part; dissenting in part. I agree with part of the majority opinion but take issue with one significant point. After White River Lodge Enterprises argued in its appellee's brief that the McPeeks' original brief was defective due to failure to abstract a certain trial court ruling on statutory fees and a statement of fees and costs, McPeek moved for permission to substitute an abstract to correct those deficiencies. The motion to substitute was filed on the date the McPeeks' reply brief was due, which was February 20, 1996. On that same date, McPeek ten-

dered a substituted original abstract and brief to rectify the deficiencies pursuant to Ark. Sup. Ct. R. 4-2(b)(2). This, of course, all occurred long before the case was submitted for this court's consideration. The motion to substitute was denied.

Now, a majority of the court refuses to consider the McPeeks' argument on appeal for failure to abstract a court ruling on statutory fees and a statement of fees and costs pursuant to Supreme Court Rule 4-2(b). This is so even though the McPeeks sought permission to correct their abstract deficiency well in advance of the submission of the case.

This court routinely grants motions to supplement abstracts before the case is submitted with any costs necessitated by the opposing party's rebriefing to be assessed against the moving party. *See, e.g., Dixon Ticonderoga Co.* v. *Winburn Tile Manuf. Co.*, 322 Ark. 817, 911 S.W.2d 955 (1995) (per curiam). We do so under the authority of Ark. Sup. Ct. R. 4-2(b)(2), which reads:

> (2) Whether or not the appellee has called attention to deficiencies in the appellant's abstract, the Court may treat the question *when the case is submitted on its merits*. If the Court finds the abstract to be flagrantly deficient, or to cause an unreasonable or unjust delay in the disposition of the appeal, the judgment or decree may be affirmed for noncompliance with the Rule. *If the Court considers that action to be unduly harsh, the appellant's attorney may be allowed time to revise the brief, at his or her own expense, to conform to Rule 4-2(a)(6).* Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. *Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct.* (Emphasis added.)

Hence, our rule allows us to accept substituted abstracts even after the matter has been submitted for decision. We have typically declined to do that, but where the requested abstract substitution occurred before submission, we generally grant the request.

I would correct the error in refusing to allow an abstract substitution in this case and reach the merits of White River Lodge Enterprises' motion to dismiss and the McPeeks' request for addi-

tional fees. For that reason, I respectfully dissent.