Byron McKIMMEY and Jack Mobbs *v.* Randall FIELDER, et al.

CA 96-1449                                          951 S.W.2d 566

Court of Appeals of Arkansas
Division IV
Opinion delivered September 24, 1997

*Michael T. Sherwood, P.A.*, by: *Michael T. Sherwood*, for appellant.

*Graddy and Adkisson, P.A.*, by: *William C. Adkisson*, for appellee.

JUDITH ROGERS, Judge. The appellants, Byron McKimmey and Jack Mobbs, appeal from an order of summary judgment in favor of appellees Randall Fielder, individually and as executor of the Estate of Ruby Fielder, Charles Munnerlyn, and Eddie Garrett. For reversal, appellants advance several issues in which they argue that the trial court erred in granting summary judgment against them. On cross-appeal, Randall Fielder contends that the trial court erred in denying his motion for an attorney's fee. Because the abstract of this case is flagrantly deficient, we affirm the decision of the chancellor in all respects.

Rule 4-2(a)(6) of the Rules of the Supreme Court and Court of Appeals provides that the appellant's abstract or abridgement of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented

to this court for decision. As far as we can tell, this case involves a failed real estate transaction. The abstract of this two-volume record consists of a single paragraph, three and one half pages long. It is a narrative which only describes the course of the proceedings below with only vague references to the pleadings, documents and other filings contained in the record. While nearly all of the required pleadings and orders are noted in the abstract, their essential components are missing. The abstract, such as it is, is confusing and leaves us with no clear understanding of the record.

More importantly, the abstract is by no means an impartial condensation of the record, without comment or emphasis, as is required by the rule. It represents appellants' own version of events, and it is interspersed with argument in such a manner that it is difficult to distinguish between what the record would show and what may appear to be only argument. As one example, the abstract states, "A hearing was scheduled on various motions, but attorneys Brazil and Adkisson entered an Ex Parte discussion with Judge Baker the day before the hearing was scheduled. As a result the hearing was canceled." No reference to any page in the transcript is given to support this statement.

When an abstract is flagrantly deficient, we may affirm for noncompliance with the abstracting requirements. Ark. R. Sup. Ct. 4-2(b)(2). The abstract here is totally inadequate for an understanding of the issues raised in this appeal. Therefore, we affirm based on appellants' failure to submit a proper abstract. *See Carmical v. City of Beebe*, 316 Ark. 208, 871 S.W.2d 386 (1994); *4-Way Tire & Battery, Inc. v. Int'l Buyers Corp.*, 263 Ark. 561, 566 S.W.2d 143 (1978). We do note that appellants have attached verbatim copies of the order of summary judgment and an option agreement, among other things, as an appendix to their brief. However, that procedure does not meet the requirements of the. abstracting rules. *Jackson v. Kinark Corp.*, 282 Ark. 548, 669 S.W.2d 898 (1984). We also see no reason why these matters could not have been abstracted in words rather than included as an appendix to the brief.

The abstracting requirements also apply to cross-appellants. *McPeek v. White River Lodge Enterprises*, 325 Ark. 68, 924

S.W.2d 456 (1996). While Mr. Fielder argues on cross-appeal that the trial court erred in denying his motion for an attorney's fee, he did not provide a supplemental abstract, and appellant's abstract does not reference such a motion or any ruling made by the trial court. Both the motion and the trial court's ruling are material components of the record necessary for a resolution of the issue raised. As it stands, we are in no position to say that this issue was even raised or considered by the trial court. Consequently, we cannot decide this point on appeal. *Wallace v. State*, 326 Ark. 376, 931 S.W.2d 113 (1996).

Affirmed.

BIRD and ROAF, JJ., agree.