Stark LIGON, As Executive Director of the
Supreme Court Committee on Professional Conduct *v.*
Robert Paul NEWMAN

03-1381                                                206 S.W.3d 826

Supreme Court of Arkansas
Opinion delivered April 7, 2005

*Stark Ligon*, for petitioner.

*Jeff Rosenzweig*, for respondent.

PER CURIAM. Respondent Robert Paul Newman has filed a motion with this court asking for clarification of the abstracting and briefing responsibilities regarding his disbarment proceeding. This court previously appointed the Honorable Jack Lessenberry of Little Rock to sit as special judge to hear the evidence in this case and make findings of fact and conclusions of law. *See Ligon v. Newman*, 355 Ark. 620, 143 S.W.3d 576 (2004) (*per curiam*). On March 18, 2005, Judge Lessenberry filed the report, which recommended that Newman be disbarred.

In his motion, Newman seeks guidance as to whether he or Petitioner Stark Ligon, as Executive Director of the Supreme Court Committee on Professional Conduct, should file the opening brief and abstract in this matter, as Section 13 of the Procedures Regulating Professional Conduct is silent on this issue. Newman suggests that because the special judge appointed to hear this matter only makes a recommendation as to a sanction, there is no "judgment" to challenge and, thus, it is incumbent upon Ligon to

move the matter forward and get this court to adopt the special judge's recommendation. Thus, Newman asserts that Ligon, as Executive Director and Petitioner, must bear the burden of abstracting the record and filing the opening brief.

Ligon, on the other hand, asserts that Newman should file the opening brief and abstract because he is the one challenging the special judge's findings, conclusions, and recommendation. He suggests that any recommendation of a sanction by the special judge should place the respondent-attorney in the position of briefing first.

The position advanced by Ligon is consistent with the language of Section 13(D), which provides in pertinent part:

> The findings of fact, conclusions of law, and recommendation of an appropriate sanction shall be filed with the Clerk of the Supreme Court along with a transcript and the record of the proceedings. *Upon the filing, the parties shall file briefs as in other cases. The findings of fact shall be accepted by the Supreme Court unless clearly erroneous.* [Emphasis added.]

This section appears to place the burden of abstracting and filing the opening brief on the party seeking to challenge the special judge's findings, given that the findings shall be accepted by this court unless they are clearly erroneous.

■ Ordinarily, it is the burden of the appellant, *i.e.*, the party challenging the findings, to demonstrate that the findings are clearly erroneous. Hence, the burden is placed on the appellant to abstract the record to demonstrate error. *See, e.g., Simmons First Bank of Arkansas v. Bob Callahan Servs., Inc.*, 340 Ark. 692, 13 S.W.3d 570 (2000); *Luttrell v. City of Conway*, 339 Ark. 408, 5 S.W.3d 464 (1999); *McPeek v. White River Lodge Enters.*, 325 Ark. 68, 924 S.W.2d 456 (1996) (holding that it is the appellant's burden to abstract the record to demonstrate error, and the appellate court will not go to the record to determine whether reversible error occurred). This is the procedure employed in other cases before this court. Section 13(D) specifically provides that parties in disbarment cases file briefs as in other cases. Thus, we conclude that the party challenging the special judge's findings, whether it be the attorney or the Committee, bears the burden of demonstrating that the findings are clearly erroneous and therefore bears the burden of abstracting the record to so demonstrate.

█ Here, the special judge's findings support the Committee's petition for disbarment, and Newman is the party challenging those findings. As such, he is placed in the role of an appellant in this instance and he should bear the burden of abstracting the record and filing the opening brief. However, we reiterate that it will not always be the attorney who must bear this burden. In those instances in which the special judge's findings support the attorney and are challenged by the Committee, the Committee would be in the role of the appellant and would bear the burden of abstracting the record and filing the opening brief.

We hereby direct the Clerk to set a briefing schedule in this matter in accordance with our ruling today.