# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1407

_____

Bryant Lewis; Helois Lewis; Barry Carter; Tor, Inc.; Lewark, LLC; Tony Allen;
James Modisette; Linda Ware Bailey; Kenneth Ware; Mary Frances Ware Phillips;
Norma Sullivan; Trina Lowery; William Lowery; Harry Kolb Revocable Trust,

*Plaintiffs - Appellants*,

Polly Foote; Patricia Swanson,

*Plaintiffs*,

Jerome Camp; Pamela C. Warren; Cassie Farrar; Laban Ware; Dorothy Ware,

*Plaintiffs - Appellants*,

v.

Enerquest Oil and Gas, LLC; BP American Production Company,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: December 8, 2014
Filed: July 1, 2015

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Bryant Lewis and several other appellants own mineral interests that are subject to oil and gas leases in which EnerQuest Oil and Gas, LLC and BP American Production Company have an interest. The group sued the companies in the district court in an effort partially to cancel the leases on the ground that EnerQuest and BP America violated implied covenants to develop the mineral interests. The district court[1] granted summary judgment in favor of EnerQuest and BP America, ruling that the lessors failed to give the companies adequate notice of the alleged breach of the covenants, as required by seven of the leases and the common law of Arkansas. We affirm.

I.

Because we are reviewing a grant of summary judgment, we recite the facts in the light most favorable to the appellants. The appellants allege that they own mineral interests in the Chalybeat Springs (Smackover) Unit and are lessors of twenty-one oil and gas leases based on those interests. The lessors further allege that EnerQuest is the current lessee for a portion of nineteen of those leases, and that BP America is the lessee for the other two.

The Chalybeat Unit, which comprises land owned by several different parties, was formed in 1975 by an order of the Arkansas Oil and Gas Commission. Oil and gas formations that lie beneath the surface of land that has been combined into a unit like Chalybeat may be exploited by a single operator as if the formations are jointly owned. This arrangement optimizes the rate, and minimizes the cost, of production

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

for all landowners. *See Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1229 (7th Cir. 1996).

The property interests in the Chalybeat Unit, including the twenty-one leases at issue here, are subject to a Unit Agreement that establishes how the oil and gas extracted from certain formations in the Unit will be divided. The agreement also provides for a unit operator. The operator has the exclusive right to develop the oil and gas resources described in the Unit Agreement. A new operator may be elected, and the incumbent operator replaced, by a seventy-five percent vote of the owners of certain rights to the oil and gas produced in the Unit.

In the late 1990s, PetroQuest became the operator of the Chalybeat Unit. Tony Allen, whose family owns mineral interests subject to some of the leases, faxed a letter to PetroQuest in August 2006 stating that he wanted more drilling in the Chalybeat Unit. Allen also placed telephone calls to PetroQuest in 2007, 2008, and 2009, requesting that the company increase drilling in the Chalybeat Unit and informing PetroQuest that he would sue to dissolve the unit or "release" the leases if the company did not perform.

In July 2010, four of the lessors applied to the Commission for an order dissolving the Chalybeat Unit on the ground that PetroQuest was not conducting unit-wide operations. The Commission held hearings in September and October 2010, and eventually denied the application.

The lessors then filed suit against EnerQuest and BP America in Arkansas state court. EnerQuest and BP America removed the action to federal court based on diversity of citizenship. The lessors filed a second amended complaint seeking partial cancellation of their twenty-one oil and gas leases on the ground that EnerQuest and BP America breached implied covenants in the leases to develop the oil and gas minerals. The district court granted the companies' motion for summary judgment,

reasoning that the lessors had not provided EnerQuest and BP America with the required notice and opportunity to cure a breach.

Summary judgment is appropriate when there is no genuine issue of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the lessors.

II.

Under Arkansas law, any oil and gas lease includes an implied covenant for the lessee to "explore and develop the property with reasonable diligence," unless there is an express provision to the contrary. *Crystal Oil Co. v. Warmack*, 855 S.W.2d 299, 301 (Ark. 1993); *see also* Ark. Code § 15-73-207(b)(2). The district court ruled that it "need not address the merits of whether Defendants breached the implied covenant to develop the leasehold," because the lessors had not given the defendants notice and an opportunity to cure any failure to comply with the covenant. Seven of the leases contain express requirements that a lessor provide notice and a reasonable opportunity to cure before seeking cancellation. As to the others, the district court applied a common law rule that notice and opportunity is required.

This court, applying Nebraska law, has recognized that "an oil and gas lease will not be cancelled for breach of an implied covenant without the lessor having first given the lessee notice of the breach and demanding that the terms of the implied covenant be complied with within a reasonable time." *Superior Oil Co. v. Devon Corp.*, 604 F.2d 1063, 1069 (8th Cir. 1979). *See also Sapp v. Massey*, 358 S.W.2d 490, 492-93 (Ky. 1962) (applying Kentucky law). Arkansas law is not well developed on the requirement of notice, *cf. Stephens Prod. Co. v. Johnson*, 842 S.W.2d 851, 853 (Ark. 1992) (Wright, J., concurring), but the lessors did not dispute in the district court that notice is required, and they are bound by that position on

-4-

appeal. The lessors now argue that notice is not required where a lessee fails to develop mineral interests for an "unreasonable" amount of time. *Cf. Byrd v. Bradham*, 655 S.W.2d 366, 368 (Ark. 1983) (holding that although a demand for performance "might ordinarily" be required before cancellation of a lease, notice was not required where lessees failed to take any action to develop 75 acres of leasehold for 28 years); *Mansfield Gas Co. v. Parkhill*, 169 S.W. 957, 958 (Ark. 1930) (no demand required where there was "complete inactivity" by the lessee for more than ten years). But the lessors never raised this point during full briefing in the district court, and we decline to consider the new argument for the first time on appeal. *Ames v. Nationwide Mut. Ins. Co.*, 760 F.3d 763, 770 (8th Cir. 2014).

The lessors do advance alternatively the same argument that they pressed in the district court—namely, that the lessors provided the companies with sufficient notice of the alleged breach. They cite Allen's communications with PetroQuest between 2006 and 2009, the application to the Commission for dissolution of the Chalybeat Unit in July 2010, and arguments and evidence presented at the hearings on the application. The lessors contend that those actions provided PetroQuest with notice of a failure to comply with the implied covenant to develop. They assert that notice to PetroQuest as operator—rather than to BP America and EnerQuest as lessees—should be sufficient.

The Arkansas Supreme Court has recognized that some unit agreements may charge operators with a duty that is analogous to the implied covenant to develop in oil and gas leases. *Christmas v. Raley*, 539 S.W.2d 405, 408-09 (Ark. 1976). *See also Krug v. Helmerich & Payne, Inc.*, 320 P.3d 1012, 1018 (Okla. 2013). But the Unit Agreement in this case demonstrates that any implied duties of the operator are separate from implied covenants in the lease to develop the property: The agreement does not relieve lessees of "any obligation to develop reasonably as a whole the lands and leases." Any notice to PetroQuest about alleged breach of its duty as operator of the Unit did not notify EnerQuest and BP America that they allegedly breached a

-5-

separate duty arising from implied covenants in the leases. Insofar as the lessors argue that they gave PetroQuest notice that EnerQuest and BP America had breached the implied covenants to develop, that notice was ineffective because it was not directed to the lessees.

The lessors further contend that any notice given to PetroQuest is imputed to EnerQuest, because PetroQuest assigned its operatorship to EnerQuest. There is no evidence, however, that PetroQuest "assigned" operational control of the Chalybeat Unit to EnerQuest. PetroQuest and EnerQuest agreed only that PetroQuest would resign as unit operator if EnerQuest won the requisite percentage of votes in an election for unit operator.

The lessors also rely on the application for dissolution of the Chalybeat Unit and the October 2010 hearing before the Commission as evidence of notice given directly to EnerQuest. Before that hearing, EnerQuest arranged to succeed PetroQuest as operator on November 1, and EnerQuest attended the hearing in anticipation of taking operational control.

The application and October hearing are insufficient evidence of notice. Only four of the lessors who now seek cancellation applied for relief before the Commission, and their application sought only to dissolve the Chalybeat Unit. It did not allege a breach of the implied covenants or warn that the four lessors would seek cancellation of the leases now at issue if EnerQuest failed to comply with the implied covenants to develop.

The lessors highlight that counsel for EnerQuest argued at the October hearing that efforts to dissolve the Chalybeat Unit were really an attempt to allege breach of an implied covenant in the leases. EnerQuest asserted that the Commission lacks authority over an action to cancel leases, and suggested that the application should be dismissed for lack of jurisdiction. EnerQuest's litigating position before the

Commission, however, is not an admission that the company received proper notice of an alleged breach of the implied covenant to develop. A principal purpose of a notice requirement is to permit the lessee to redeem itself before a lease is cancelled, and thereby to avoid unwarranted forfeiture of property rights, *Superior Oil Co.*, 604 F.2d at 1069, and unnecessary litigation, *see Stephens Prod. Co.*, 842 S.W.2d at 853 (Wright, J., concurring). The application by four lessors for a different type of relief (dissolution of the Unit) against a different party (PetroQuest) was not sufficient to notify EnerQuest that it should cure an alleged breach or face cancellation of the leases.

*   *   *

The judgment of the district court is affirmed.

_____